(197 P.3d 872)
No. 99,491

KANSAS DEPARTMENT OF REVENUE, *Appellant*, v. JILL POWELL, *Appellee*.

Opinion filed December 12, 2008.

*J. Brian Cox,* of Kansas Department of Revenue, of Topeka, for appellant.

*Michael E. Riling,* of Riling, Burkhead & Nitcher, Chtd., of Lawrence, for appellee.

Before GREENE, P.J., HILL, J., and BRAZIL, S.J.

HILL, J.: This is an appeal in a whistle-blower case. The Kansas Department of Revenue appeals a ruling by the district court refusing to order the Kansas Civil Service Board to consider awarding attorney fees to the Department. The Department sought attorney fees as a sanction against Jill Powell for what it viewed as a frivolous appeal to the Civil Service Board. The Civil Service Board ruled in the Department's favor but did not grant attorney fees because of the chilling effect such an award might have on future whistle-blowers. In turn, the district court agreed. In Kansas, the courts give great deference to an administrative agency's interpretation of a statute, such as the Civil Service Board's ruling here. Because the legislature has granted the Civil Service Board total discretion to award attorney fees to either the government employee or em-

ployer in these whistle-blower cases, we hold the Civil Service Board has simply exercised its discretion to not grant fees. We will not alter its ruling in this appeal and, therefore, affirm.

On November 7, 2006, the Civil Service Board entered a default order in favor of the Kansas Department of Revenue in an appeal from their action of suspending and dismissing Jill Powell. Powell walked out of the hearing on her claims, so the Civil Service Board had no choice but to rule in favor of the Department. As the prevailing party, the Department sought attorney fees under K.S.A. 2007 Supp. 75-2973(f), which allows the Civil Service Board to award attorney fees to the prevailing party in a whistle-blower case. The Civil Service Board denied the motion for attorney fees. The Department appealed to the district court, which found the Civil Service Board had discretion in awarding attorney fees under K.S.A. 2007 Supp. 75-2973(f).

The Department asks us to review the Civil Service Board's interpretation of K.S.A. 2007 Supp. 75-2973(f). That law provides that in a case involving a whistle-blower claim, the Civil Service Board "*may* award the prevailing party all or a portion of the costs of the proceeding before the Civil Service Board, including reasonable attorney fees and witness fees." (Emphasis added.) Although admitting the statute allowed for the award of attorney fees to a governmental employer, the Civil Service Board refused to award attorney fees to the Department because of the chilling effect such an award would have on future appeals to the Civil Service Board.

The scope of this court's review of an agency decision is found in K.S.A. 77-621(a)(1), which places the burden of proving the invalidity of the agency's action on the party asserting invalidity. K.S.A. 77-621(c) further limits this court's ability to grant relief. In this case, this court has the ability to grant relief under K.S.A. 77-621(c)(4) since the Department is challenging the Civil Service Board's interpretation and application of law.

While statutory interpretation is a question of law, special rules apply when this court reviews an administrative agency's interpretation of a law. *Coma Corporation v. Kansas Dept. of Labor*, 283 Kan. 625, 629, 154 P.3d 1080 (2007).

"The doctrine of operative construction of statutes provides that the interpretation of a statute by an administrative agency charged with the responsibility of enforcing the statute is entitled to judicial deference. If there is a rational basis for the agency's interpretation, it should be upheld on judicial review. If, however, the reviewing court finds that the administrative agency's interpretation is erroneous as a matter of law, the court should take corrective steps. The determination of an administrative agency as to questions of law is not conclusive and, while persuasive, is not binding on the courts. [Citation omitted.]" *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 70, 150 P.3d 892 (2007).

Before 1998, the statute allowed the Civil Service Board to award attorney fees to an officer or employee who sued an employer for a violation. K.S.A. 1997 Supp. 75-2973(g). Then, in 1998, the statute changed to its current form, which allows the Civil Service Board to award the prevailing party attorney fees. K.S.A. 1998 Supp. 75-2973(f). This change implies a change in the legislature's intent to now allow attorney fees to both employees and employers. The legislature is presumed not to enact useless or meaningless legislation. *Hawley v. Kansas Dept. of Agriculture*, 281 Kan. 603, 631, 132 P.3d 870 (2006).

The Department of Revenue asks us to adopt the rule established by the United States Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 127 L. Ed. 2d 455, 114 S. Ct. 1023 (1994), a copyright case. In *Fogerty*, the Court held that prevailing plaintiffs and defendants were to be treated alike under 17 U.S.C. § 505, a statute providing discretionary authority to award attorney fees to the prevailing party. 510 U.S. at 534. In doing so, the Court specifically rejected the "dual standard" (different standard for plaintiffs and defendants) that had been applied to a provision of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5[k]) and in copyright cases by some appellate circuits even though both statutes used similar language to allow a court to award attorney fees to the prevailing party. 510 U.S. at 520-23, 534.

We decline the invitation to adopt such a rule as set out in *Fogerty*. Simply put, disputes over royalties do not compare with the claims of whistle-blowers in an employer/employee relationship. The employer has real power over the employee, while the relationship between the owner of a copyright and one who owes royalties is a commercial owner/debtor matter. Employees can be

downgraded and fired for whistle-blowing. In the copyright case, money is either owed or not owed.

While the plain language of the statute precludes the Civil Service Board from automatically excluding employers, it does not preclude the Civil Service Board from exercising its discretion by leaning in favor of denying employers' attorney fees on close calls. The potential chilling effect that could be caused by allowing attorney fees against employees in whistle-blower appeals is a legitimate concern for the Civil Service Board—the only agency given the responsibility of enforcing the whistle-blower law. If the legislature wanted to require the Civil Service Board to consider attorney fees in every case or in some way that is not as a matter of the Civil Service Board's discretion, the legislature could have dictated such. We view the actions of the Civil Service Board to be a reasonable exercise of its discretion.

Affirmed.