No. 99,491

KANSAS DEPARTMENT OF REVENUE, *Appellant*, v. JILL POWELL,
*Appellee*.

(232 P.3d 856)

Opinion filed June 4, 2010.

*J. Brian Cox*, of Legal Services Bureau, Kansas Department of Revenue, argued the cause and was on the brief for appellant.

*Michael E. Riling*, of Riling, Burkhead & Nitcher, Chtd., of Lawrence, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: This case concerns a refusal to award attorney fees. The Kansas Department of Revenue (KDR) was the prevailing party in a Civil Service Board (Board) action initiated by Jill Powell under the Kansas Whistleblower Act, K.S.A. 2005 Supp. 75-2973. The Board's order denying KDR attorney fees was affirmed by the district court and the Kansas Court of Appeals. We granted KDR's petition for review; jurisdiction is under K.S.A. 20-3018(b).

The basic issue on appeal is whether the Board abused its discretion in denying the KDR fees motion under K.S.A. 2005 Supp. 75-2973(f). We conclude that it did. Consequently, we reverse the Court of Appeals decision affirming the district court and the Board. We further remand to the Board so it may properly exercise its discretion per the direction contained in this opinion.

## FACTS

The facts are uncontested. Powell brought this matter before the Board, claiming that her suspension and ultimate dismissal from employment at KDR were unreasonable. She included a whistleblower claim under K.S.A. 2005 Supp. 75-2973, alleging that the KDR discipline was retaliatory.

During the third day of the Board hearing, Powell walked out. The Board then issued a default order against her for failure to participate.

KDR later filed a motion for "prevailing party" attorney fees under K.S.A. 2005 Supp. 75-2973(f). It argued fee entitlement because Powell presented no evidence that KDR had disciplined her for whistleblowing and because her Board appeal caused KDR's legal staff to invest a lot of time in its defense.

The Board denied KDR's motion for fees. In the Board's order, it addressed the two KDR entitlement arguments and independently provided a third reason for its denial:

"[1] While it is true that both parties made a considerable investment of time and money to present their case leading up to and including the 2½ days of hearing that were conducted, that alone is not a sufficient reason to award costs and fees. [2] While it is also true that the appellant did not produce any direct evidence of any disciplinary action taken against her in retaliation for her whistleblower activity, that is also not a sufficient reason to award costs and fees. [3] Permanent employees in the classified service must be free to file an appeal with the Civil Service Board when they believe improper disciplinary action has been taken against them. Whether the claims will be proven at a hearing depends upon the facts of the case and can't be determined until all of the evidence is presented. To assess costs and fees, while permissible under the statute, would have a chilling effect on such appeals."

KDR appealed the denial order to the district court under K.S.A. 77-601 *et seq*. The court noted that "[i]f an employer was permitted to recover attorney's fees against [an] employee in an administrative appeal, the 'chilling effect' feared by the Respondent could very well materialize." The court also observed that the plain language of K.S.A. 75-2973(f) did not require the Board to award the prevailing party fees but made any award discretionary. It further noted the Board's "established history of *not* awarding attorney's fees to employers in similar situations." The court ultimately determined that the Board did not act unreasonably in refusing fees to KDR and affirmed.

KDR again appealed and again the Board was affirmed. In the Court of Appeals decision, the panel also addressed the chilling effect factor and the Board's discretion in awarding fees:

"While the plain language of the statute precludes the Civil Service Board from automatically excluding employers, *it does not preclude the Civil Service Board from exercising its discretion by leaning in favor of denying employers' attorney fees on close calls. The potential chilling effect that could be caused by allowing attorney fees against employees in whistle-blower appeals is a legitimate concern for the Civil Service Board the only agency given the responsibility of enforcing the whistle-blower law.* If the legislature wanted to require the Civil Service Board to consider attorney fees in every case or in some way that is not as a matter of the Civil Service Board's discretion, the legislature could have dictated such."

(Emphasis added.) *Kansas Dept. of Revenue v. Powell*, 40 Kan. App. 2d 967, 970, 197 P.3d 872 (2008).

We granted KDR's petition for review.

## ANALYSIS

*Standard of review*

We begin by examining the costs and fees statute and our standards of review. The statute currently provides: "The board may award the prevailing party all or a portion of the costs of the proceedings before the board, including reasonable attorney fees and witness fees." K.S.A. 2005 Supp. 75-2973(f). As KDR correctly points out, this language dates from 1998. Before then, the applicable statute limited the awarding of costs and fees to officers and employees, *i.e.*, no employer was eligible: "A court may also award such officer or employee all or a portion of the costs of litigation, including reasonable attorney fees and witness fees." K.S.A. 75-2973(g).

As for our standard of review, we acknowledge that Board actions are reviewable under the Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), which also narrows and defines the proper scope of review. See K.S.A. 75-2929h; K.S.A. 77-601 *et seq.*; *Graham v. Dokter Trucking Group*, 284 Kan. 547, 553, 161 P.3d 695 (2007); *Jones v. Kansas State University*, 279 Kan. 128, 139, 106 P.3d 10 (2005). We exercise the same statutorily limited review of the Board's action as does the district court, " 'as though the appeal had been made directly to this court.' " *Coma Corporation v. Kansas Dept. of Labor*, 283 Kan. 625, 628, 154 P.3d 1080 (2007) (quoting *Blue Cross & Blue Shield of Kansas, Inc. v. Praeger*, 276 Kan. 232, 245, 75 P.3d 226 [2003]). KDR, as the party asserting that the agency's action is invalid, bears the burden of proving the invalidity. K.S.A. 77-621(a)(1); *Praeger*, 276 Kan. at 245. Finally, to the extent any statutory interpretation is required, our review is unlimited, with deference no longer being given to the agency's interpretation. See, *e.g.*, *Ft. Hays St. Univ. v. University Ch., Am. Ass'n of Univ. Profs.*, 290 Kan. 446, Syl. ¶ 2, 228 P.3d 403 (2010).

K.S.A. 77-621(c) provides eight categories for which this court may grant relief. KDR relies upon five of them:

1. Subsection (c)(3): The Board failed to decide an issue requiring resolution;

2. Subsection (c)(4): The Board abused its discretion by erroneously interpreting or applying K.S.A. 2005 Supp. 75-2973(f);

3. Subsection (c)(5): The Board engaged in an unlawful procedure or failed to follow prescribed procedure;

4. Subsection (c)(7): The Board based its order on a determination of fact not supported by evidence in the record; and

5. Subsection (c)(8): The Board acted in an otherwise unreasonable, arbitrary, or capricious manner.

*Discussion*

The focal point of this case concerns the third reason articulated by the Board for denial of costs and fees:

"Permanent employees in the classified service must be free to file an appeal with the Civil Service Board when they believe improper disciplinary action has been taken against them. Whether the claims will be proven at a hearing depends upon the facts of the case and can't be determined until all of the evidence is presented. *To assess costs and fees, while permissible under the statute, would have a chilling effect on such appeals."* (Emphasis added.)

Among its many arguments, KDR argues that this part of the Board's order is based on a determination of fact not supported by evidence in the record. See K.S.A. 77-621(c)(7). We agree. We find no evidence in the record, *e.g.*, testimony by Powell, supporting a concern about "a chilling effect" in her case.

KDR also includes among its many arguments the contention that the Board abused its discretion by erroneously applying K.S.A. 75-2973(f) when it essentially issued a global ruling. KDR suggests that the Board's order denied not only KDR's motion in the instant case but also all future employers' requests for fees and costs because assessment "would have a chilling effect on *such appeals"* by employees. (Emphasis added.) See K.S.A. 77-621(c)(4). As more fully discussed below, we also agree.

We acknowledge KDR's contention that such deficiencies in the Board's order have historically also been covered by subsection

(c)(8) of K.S.A. 77-621: acting in an "otherwise unreasonable, arbitrary or capricious" manner. For we have held:

"[T]he arbitrary and capricious test relates to whether that particular action should have been taken or is justified, such as [1] the reasonableness of the [agency's] exercise of discretion in reaching the determination, or [2] whether the agency's action was without foundation in fact." *Kansas Racing Management, Inc. v. Kansas Racing Comm'n,* 244 Kan. 343, 365, 770 P.2d 423 (1989).

In support of our agreement with KDR that the Board abused its discretion, we first observe that a tribunal's failure to consider particular required factors in a case is such an abuse. Our opinion in *Dragon v. Vanguard Industries, Inc.*, 277 Kan. 776, 89 P.3d 908 (2004), is of guidance. There, we considered whether a trial court abused its discretion when it granted plaintiff's motion for class certification without consideration of factual issues placed in dispute by the defendant. We held that the trial court abused its discretion because it failed to fully determine factual issues and rigorously analyze the requirements for class certification. Of particular relevance to the instant case, we stated that " '[a]buse is found when the trial court has gone outside the framework of legal standards or statutory limitations, *or when it fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination.*' " (Emphasis added.) *Dragon,* 277 Kan. at 789 (quoting Davis, *Standards of Review: Judicial Review of Discretionary Decisionmaking,* 2 J. App. Prac. & Process 47, 59 [2000]). Here, the Board did not simply fail to consider facts in the record. Rather, there were no facts in the record upon which it based an important part of its ruling: that assessing costs and fees against Powell would have a chilling effect.

In further support of our conclusion that the Board abused its discretion, we also observe that a tribunal's issuance of a blanket ruling, both for resolving a current case and effectively all those in the future, is such an abuse. In *State v. Fisher,* 249 Kan. 649, 822 P.2d 602 (1991), we held the trial court abused its discretion by following its blanket rule to deny the defendant probation. Despite defendant's individual circumstances, the trial court dismissively stated that "[t]his court does not grant [probation] on convictions of cocaine, first offense or any other." 249 Kan. at 652. We inter-

preted the statement to mean that conviction of a cocaine offense meant an automatic imprisonment, regardless of any other factors present. We found an abuse of discretion because, contrary to policy, "the district court *did not use discretion* in denying the requested probation, as probation could never be considered as an option to imprisonment." (Emphasis added.) 249 Kan. at 652; *cf. State v. Brinklow*, 288 Kan. 39, 42, 200 P.3d 1225 (2009) (A court's complete failure to exercise its discretionary authority is an abuse of discretion.). Recently, in *Holt v. State*, 290 Kan. 491, 503, 232 P.3d 848 (2010), we held the trial court abused its discretion by issuing a blanket prohibition on all of defendant's future motions under K.S.A. 60-1507 and similar avenues of relief in his criminal case. These cases demonstrate that a tribunal abuses its discretion by applying a blanket rule without consideration of other factors in an individual case.

We also agree with KDR that the Board's issuance of an apparent blanket rule against awarding attorney fees to prevailing employers, in this case and those in the future, is contrary to the language of K.S.A. 2005 Supp. 75-2973(f): "The board may award the prevailing party all or a portion of the costs . . . ." Although the statute establishes the legislature's policy of parity by empowering the Board to award fees to any prevailing party, whether employee or employer, the Board effectively restricted that policy with its blanket ruling. This restriction usurps the legislative authority. See *State, ex rel., Londerholm v. Columbia Pictures Corp.*, 197 Kan. 448, 455, 417 P.2d 255 (1966) ("[t]he authority to declare the public policy of this state is vested in the legislature, not an administrative board").

Stated another way, the Board's blanket ruling of automatic exclusion improperly renders meaningless the 1998 statutory amendment that expanded fee award recipients to include employers. We presume that the legislature does not intend to enact meaningless legislation. See *State v. McElroy*, 281 Kan. 256, 263, 130 P.3d 100 (2006) (citing *State v. Van Hoet*, 277 Kan. 815, 826, 89 P.3d 606 [2004]) ("When the legislature revises an existing law, it is presumed that the legislature intended to change the law from how it existed prior to the amendment, and it is presumed that the leg-

islature does not intend to enact useless or meaningless legislation.").

We reverse the Court of Appeals decision affirming the district court and the Board, and we remand to the Board for it to properly exercise its discretion pursuant to the direction contained in this opinion.

DAVIS, C.J., not participating.

GLENN D. SCHIFFNER, District Judge, assigned.