(255 P.3d 31)
No. 103,993

In the Matter of the Application of AMERICAN LEGION POST #81
For Exemption From Ad Valorem Taxation in Butler County,
Kansas.

Opinion filed April 29, 2011.

*James I. Murfin*, city attorney, for petitioner City of El Dorado.

No appearance by appellee Butler County appraiser.

Before LEBEN, P.J., GREEN and ATCHESON, JJ.

ATCHESON, J.: The City of El Dorado has entered into an agreement with American Legion Post No. 81 to acquire the golf course the organization owned and operated there. The American Legion contends the property should be treated as tax exempt because the arrangement for its acquisition is a lease with an option to purchase. The Court of Tax Appeals ruled otherwise and denied the exemption. The American Legion has appealed that determination.

The pertinent facts may be stated in short order. For years, the American Legion owned a golf course within the city limits. Recently, the operation turned burdensome for the private group. The American Legion and the City have a written agreement under which the City has the right to occupy the land for 99 years and is to pay the American Legion a monthly fee. At the end of that time, the City has an option to buy the property for a nominal amount. Especially pertinent here, the American Legion has retained the right to sell certain portions of the land during the 99-year term with a commensurate reduction in the monthly fee due from the City. The agreement provides, in part, that the American Legion "may remove any or all portions except [land described on] Exhibit B above for financial gain." The parties characterize the arrangement as a lease with a purchase option and use descriptive language consistent with a lease, *e.g.*, lessor and lessee. The purchase option appears to have been added to the agreement during the tax review process, but that makes no difference to the disposition of the case.

While the American Legion filed for the exemption from property taxes, the City, through its municipal attorney, has prepared and submitted the brief to this court. The City obviously has a direct interest in the outcome. We refer to the arguments here as those of the City.

Under K.S.A. 2010 Supp. 79-201a *Second*, land acquired by a municipality through "a lease-purchase agreement" is to be exempt from property taxes. The City claims the benefit of that provision as to the golf course. The Court of Tax Appeals determined that the arrangement between the City and the American Legion was not a lease, thereby precluding the requested exemption.

As provided in K.S.A. 2010 Supp. 74-2426, the Kansas Court of Appeals reviews decisions from the Court of Tax Appeals under the Kansas Judicial Review Act, K.S.A. 2010 Supp. 77-603. The scope of review is, therefore, limited to the grounds outlined in K.S.A. 2010 Supp. 77-621(c). In this case, the controlling issue is the legal import of the agreement between the City and the American Legion. The resolution of that issue depended upon no fact-finding or credibility determinations in the tax court. Nor does it here. The determination is purely a question of law, and this court,

therefore, exercises plenary review. See *Kansas Dept. of Revenue v. Powell*, 290 Kan. 564, 567, 232 P.3d 856 (2010); *In re Tax Exemption Application of Westboro Baptist Church*, 40 Kan. App. 2d 27, 36, 189 P.3d 535 (2008), *rev. denied* 289 Kan. 765 (2009).

In concluding the arrangement between the City and the American Legion was not a lease and, thus, not an exempt "lease-purchase agreement" either, the tax court relied primarily on a definition of "lease" in Black's Law Dictionary 889 (6th ed. 1990) as being "an '[a]greement under which owner gives up possession and use of his property for valuable consideration and for definite term and at end of term owner has absolute right to retake, control and use property.' " The tax court concluded that because the American Legion retained the right to remove and sell some of the land during the term of the agreement, the arrangement did not transfer to the City the sort of exclusive use or possessory interest necessary to create a leasehold. On appeal here, the City counters with a citation to a more recent edition of the dictionary defining a lease as " '[a] contract by which a rightful possessor of real property conveys the right to use and occupy the property in exchange for consideration, usu. Rent. The lease term can be for life, for a fixed period, or for a period terminable at will.' " Black's Law Dictionary 970 (9th ed. 2009).

Legal dictionaries serve many useful purposes. The first year of law school would be exponentially more befuddling without them. Lawyers and judges long departed from school find them invaluable in deciphering the work of their colleagues who confuse the heavy use of Latin maxims with eloquence. But by design, most dictionaries (legal or otherwise) do not offer detailed or in-depth discussion of the words or subjects defined. For example, Merriam-Webster's Collegiate Dictionary 95 (10th ed. 2001) defines "baseball" as "[a] game played with a bat and ball between two teams of nine players each on a large field having four bases that mark the course a runner must take to score." While the definition is correct as far as it goes, it leaves out a whole lot about the game that might be considered quite important—a game typically consists of nine innings with each team allowed three outs an inning and in some games at least the pitcher doesn't have to bat—to the

more mundane—the first two balls a batter hits outside the marked course count toward the three strikes that make an out.

In short, legal dictionaries provide skimpy authority for most disputed propositions that require some study of a legal doctrine or area of law. This case presents that sort of proposition: What substantive attributes make an agreement affecting real property a lease?

The Kansas Supreme Court offered guidance in answering that question in *Gage v. City of Topeka*, 205 Kan. 143, 147, 468 P.2d 232 (1970), by recognizing that a lease is a contract " 'giv[ing] exclusive possession of the premises against all the world, including the owner.' " The characterization of a lease of real property in *Gage* conforms to generally accepted principles.

Those principles establish as a hallmark of a lease the lessee's right to exclusive possession of the real property with a reversion to the lessor only at the end of the stated term. Stoeback & Whitman, The Law of Property § 6.22, at 271 (3d ed. 2000) (A tenant has the general and exclusive right to possession of the property during the term of a lease.); Moynihan & Kurtz, Moynihan's Introduction to The Law of Real Property, at 87 (4th ed. 2005) (The "distinctive feature" of a leasehold interest for a term of years is "the right of the tenant to exclusive possession of a defined physical area for the duration of the specified term."). As one commentator has explained: "The landlord retains the ownership of the property as a future interest in the form of a reversion. The tenant obtains the present possessory interest in the leased property for the duration of the lease." 4 Thompson on Real Property § 39.01, at 558 (2d Thomas ed. 2004). Accordingly, the landlord may sell or encumber only the reversionary interest. Stoeback & Whitman, The Law of Property § 6.72, at 387-88.

A true lease, then, entails four necessary components: (1) a contract; (2) creation of an estate in the tenant; (3) transfer of exclusive possession and control to the tenant; and (4) reversion to the landlord. 49 Am. Jur. 2d, Landlord and Tenant § 1, at 46. In turn, property law regards a lease as the equivalent of a sale of the premises for the stated term, making the lessee both the owner and

occupier during that time. 49 Am. Jur. 2d, Landlord and Tenant § 384, at 395.

The tax court correctly concluded the arrangement between the American Legion and the City for possession of the golf course did not create a lease. Because the American Legion clearly reserved the right to sell portions of the land during the 99-year term, it transferred less than a leasehold interest to the City. The City has neither bargained for nor received an exclusive right to possess the land. As a result, a fundamental component of a lease of real property is lacking. Since the agreement is not a lease, it cannot be a lease-purchase agreement within the scope of K.S.A. 2010 Supp. 79-201a *Second.*

While the arrangement bears some attributes in common with a lease of real property, such as a written agreement and a stated term, that is not enough—especially when the key characteristic of exclusivity of possession has been omitted. Something like a lease does not qualify under K.S.A. 2010 Supp. 79-201a *Second.* The City's arguments are ultimately unpersuasive.

The definition of a lease in the ninth edition of Black's Law Dictionary, on which the City relies, comports with those principles or at least doesn't conflict with them. The definition simply omits any reference to the exclusivity of the lessee's use and occupation of the land. The absence of that information from the definition cannot be taken as some legal precedent or authority that exclusive possession is no longer required any more than the omission of the number of innings in a baseball game from the Merriam-Webster definition now means a typical game can be only seven or eight innings.

The City also suggests without authority or much elaboration that the tax court's position that a lease requires a reversion to the lessor necessarily prevents every purchase-option agreement from being deemed a lease. But that argument misconstrues the effect of a purchase option. First, of course, the lessee may choose not to exercise the option at all. Even if the lessee exercises the option, it operates as a condition subsequent to the lease. That is, upon completion of the term of the lease, the real property reverts to the lessor. The lessor, however, has agreed to promptly sell the

property to the lessee—at the lessee's discretion—for comparatively nominal consideration. See 49 Am. Jur. 2d, Landlord and Tenant § 296, at 325-26 (The inclusion of an option to purchase is not inconsistent with an agreement transferring a leasehold interest; the option may be considered separate from the lease even though both are contained in the same document.).

The Court of Tax Appeals correctly assessed the arrangement between the City and the American Legion as something other than a lease of real property and properly denied the requested tax exemption.

Affirmed.