NOT DESIGNATED FOR PUBLICATION

No. 114,906

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID WEBB,
*Appellant*,

v.

KANSAS REAL ESTATE APPRAISAL BOARD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; REBECCA W. CROTTY, judge. Opinion filed February 17, 2017. Affirmed.

*Robert E. Duncan, II*, of Topeka, for appellant.

*Stephen Phillips*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*: David Webb appealed to the district court in Shawnee County from a December 12, 2014, Final Order of the Kansas Real Estate Appraisal Board (Board), in which his appraiser's license classification was downgraded from a provisional Certified General Real Property Appraiser (General License) to a Real Property Appraiser license (State License). The Board's decision to downgrade Webb's license was based on finding substantial noncompliance with the Uniform Standards of Professional Appraisal Practice (USPAP). After oral arguments, the district court affirmed in a memorandum decision and order dated October 21, 2015, the Board's Order for the downgrade based on USPAP substantial noncompliance. Webb timely appealed.

1

Webb sought to upgrade from his State real estate appraisal license to a General license, and pursuant to a March 2010 Consent Agreement and Order (CAO) he entered into with the Board, a provisional upgrade was granted. As part of this CAO, Webb agreed to be supervised and to maintain a log of all of the appraisals he performed for 6 months. Webb understood that two of his appraisals from this timeframe would be chosen at random for review by an expert of the Board's choosing and assessed for substantial compliance with the USPAP. Webb agreed that if either of the two reviewed appraisals showed substantial noncompliance with USPAP, his license would be downgraded immediately back to a State License. In November 2011, following review of two appraisals that found Webb's methods were substantially noncompliant with USPAP, the Board issued a Summary Proceeding Order downgrading his license. After a hearing on the matter, the Board withdrew its downgrade order and entered into a Modified Consent Agreement and Order (MCAO) with Webb in April 2012. This MCAO contained materially similar provisions to the original CAO, and allowed Webb another opportunity to earn his General license.

Following the 6-month timeframe provided for in the MCAO, two randomly selected appraisals were reviewed by John Schmidt (an expert to which both parties stipulated) at the direction of the Board and in accordance with the MCAO. These appraisals included a restricted use report (9th Street report) and a summary report (56 Highway report). Both were found by Schmidt to violate numerous USPAP standards and rules. The 9th Street report was found substantially noncompliant with the USPAP Record Keeping Rule and Standards Rules 1-1, 1-2, 1-4(b), and 2-2(c)(viii); and the 56 Highway report was found substantially noncompliant with the USPAP Standards Rules 1-1, 1-2, 1-4(b), 1-4(c), 2-1, and 2-2(b). While Webb's appraisals were initially suspected of being noncompliant with the Competency Rule for failing to include a signed certification similar in content to that at USPAP Standards Rule 2-3, this failure was later

determined to be not substantial enough to rise to the level of noncompliance with this rule. Nevertheless, out of 26 specified areas within the scope of review, Schmidt determined that Webb was noncompliant in 10 areas on each of his reports. This was determined to be substantial. The Board issued a Summary Proceeding Order to downgrade Webb's license.

Webb, again, requested a hearing at which Schmidt and Webb's own supervisor, Phil Martin, testified regarding their contrasting opinions about Webb's compliance with the USPAP. Schmidt's testimony focused on Webb's noncompliance with methods required by USPAP, while Martin's testimony prioritized Webb's accuracy of the final values assessed. After the hearing, on December 12, 2014, the Board issued a Final Order, which included 31 paragraphs and sub-paragraphs of factual findings and 23 paragraphs of conclusions. The downgrade of Webb's license from a General License to a State License was affirmed. Webb appealed to the district court. After oral arguments in October 2015, the district court issued a memorandum decision and order affirming the Board's downgrade on October 22, 2015. Webb filed this timely appeal.

ANALYSIS

The Kansas Judicial Review Act defines the scope of judicial review of state agency actions unless the agency is specifically exempted from application of the statute. K.S.A. 2015 Supp. 77-603(a); *Ryser v. Kansas Bd. of Healing Arts*, 295 Kan. 452, 458, 284 P.3d 337 (2012). An appellate court exercises the same limited review of the agency's action as does the district court—as if the appeal had been made directly from the agency's action. *Kansas Dept. of Revenue v. Powell*, 290 Kan. 564, 567, 232 P.3d 856 (2010); *Johnson v. Kansas Employment Security Bd. of Review*, 50 Kan. App. 2d 606, 610, 330 P.3d 1128 (2014), *rev. denied* 302 Kan. 1010 (2015). A court reviewing an administrative action shall grant relief only if it determines that the agency violated one or more of the provisions of K.S.A. 2015 Supp. 77-621(c). Webb seeks review under

K.S.A. 2015 Supp. 77-621(c)(5), (7), and (8), which provides relief for: (5) unlawful procedure or failure to follow a prescribed procedure; (7) a decision based on facts that are not supported as substantial in light of the record as a whole; and (8) an unreasonable decision that is arbitrary or capricious. On appeal, the burden of proving the invalidity of the agency action rests with the party asserting such invalidity. K.S.A. 2015 Supp. 77-621(a)(1); *In re Equalization Appeal of Wagner*, 304 Kan. 587, 597, 372 P.3d 1226 (2016) (tax appeal); *Golden Rule Ins. Co. v. Tomlinson*, 300 Kan. 944, 953, 335 P.3d 1178 (2014) (Kansas Insurance Department agency decision). Here, the burden of proving the Board violated K.S.A. 2015 Supp. 77-621(c)(5), (7), and/or (8) rests with Webb. He failed to meet his burden under each provision.

THE BOARD DID NOT ENGAGE IN AN UNLAWFUL
PROCEDURE OR FAIL TO FOLLOW THE PRESCRIBED
PROCEDURE IN ORDERING THE DOWNGRADE OF WEBB'S APPRAISER'S LICENSE

Without demonstrating how, Webb claims that the Board "exceeded its [statutory] authority" in applying K.S.A. 58-4113 and K.S.A. 2015 Supp. 58-4118 to the matter of Webb's license. If an issue turns on an interpretation of statute, as with K.S.A. 2015 Supp. 77-621(c)(5) (unlawful procedure or failure to follow a prescribed procedure), the court reviews de novo without deference to the decision of the Board. *Powell*, 290 Kan. at 567. All appraisers are required to comply with the "uniform standards of professional appraisal practice." K.S.A. 2015 Supp. 58-4121. Proceedings to determine whether an appraiser has failed to comply with this requirement are within the Board's authority. See K.S.A. 2015 Supp. 58-4105.

The Board may discipline an appraiser for noncompliance with the USPAP as manifested by, among other things, violations of the standards for the development or communication of real estate appraisals. K.S.A. 2015 Supp. 58-4118(a)(6). Webb argues that he did not violate any of the specified offenses under K.S.A. 2015 Supp. 58-4118(a), and claims that the Board did not specify which of the 14 articulated offenses he was

4

found to have violated. Contrary to Webb's argument (and the district court's memorandum decision and order), the Board specified that Webb violated K.S.A. 2015 Supp. 58-4118(a)(6), and that his downgraded license is appropriate under that statute and the applicable standards. The Board neither engaged in an unlawful procedure, nor failed to follow a prescribed procedure in applying the USPAP to Webb's appraisals. The Board's action was in accordance with the MCAO, and the subsequent order to downgrade Webb's license after finding violations of the USPAP and statute were appropriate applications of the law.

## THE BOARD'S ORDER TO DOWNGRADE WEBB'S APPRAISAL LICENSE WAS BASED ON SUBSTANTIAL EVIDENCE IN LIGHT OF THE RECORD AS A WHOLE

First and foremost, this court must focus solely on this issue that is subject to review. It is not whether the results of the appraisals were accurate. It is not whether clients were satisfied with Webb's work product. The sole issue is whether Webb's appraisals complied with the USPAP guidelines. These parties have tried to resolve this matter by reviewing Webb's appraisals for compliance with USPAP guidelines more than once. In the present version of this continuing saga, the parties voluntarily entered into a consent agreement that specifically set forth what was going to happen, exactly what was expected of Webb, and the consequences for failing to meet those expectations. It cannot be claimed by Webb that did not know what was expected of him and how his performance was to be judged.

Webb argues that the Board's decision to downgrade his license is not based on substantial evidence in light of the record as a whole. The agency action at issue in this appeal is the Final Order downgrading Webb's license as of December 12, 2014. See *Redd v. Kansas Truck Center*, 291 Kan. 176, 183, 239 P.3d 66 (2010). An appellate court reviews a challenge to the Board's factual findings in light of the record as a whole to determine whether the findings are supported by the appropriate standard of proof by

5

substantial evidence. See K.S.A. 2015 Supp. 77-621(c)(7). This requires the appellate court to (1) review evidence both supporting and contradicting the agency's findings; (2) examine the presiding officer's credibility determination, if any; and (3) review the agency's explanation as to why the evidence supports its findings. The court does not reweigh evidence or engage in de novo review. K.S.A. 2015 Supp. 77-621(d); *Williams v. Petromark Drilling*, 299 Kan. 792, 795, 326 P.3d 1057 (2014). Substantial evidence refers to evidence possessing something of substance and relevant consequence to induce the conclusion that the agency action was proper, furnishing a basis of fact from which the issue raised could be easily resolved. *Ward v. Allen County Hospital*, 50 Kan. App. 2d 280, 285, 324 P.3d 1122 (2014).

In support of his argument, Webb claims that the Board essentially adopted its factual findings from Schmidt's testimony, but that Schmidt's opinions were subjective, and "so undermined in cross-examination that '[Schmidt's testimony] no longer constitutes substantial evidence in support of the [Board's] factual finding,' and without his testimony there is no evidence left to rely upon." Webb states it is clear that neither the Board nor the district court took into consideration Schmidt's failure to connect his "personal judgments" to the specific rules violations in USPAP. He claims that subjective beliefs are not controlling and that action affecting a license should be objective. Webb's argument is not supported by the record.

Webb's attorney's cross-examinations of Schmidt shows that neither Schmidt's testimony nor his tone waivered in professionalism or objectivity. When Webb's attorney asked Schmidt what more Webb should have included in one of his appraisals, Schmidt responded with contextual answers about the lack of specificity provided by Webb regarding an on-going remodel. Schmidt outlined numerous omissions including what projects remained unfinished; the value of the work left undone; the timeframe for completion; how far along in-progress projects were; and how much income the property owner was losing while the property was under renovation. Schmidt explained that this

information is required for USPAP compliance regarding Standards Rule 1.2(g) (identifying hypothetical conditions necessary in the assignment) because an appraiser must adequately identify the scope of the work and provide sufficient market data and analysis to develop a credible result. Schmidt further explained that two principles guide compliance with these rules: (1) the expectations of the intended user; and (2) what an appraiser's peer's actions would be in performing the same or similar assignment. Schmidt was clear that compliance with the USPAP was the issue, not whether an appraisal value was correct. See K.S.A. 2015 Supp. 58-4121.

Webb frames Schmidt's responses at the hearing as subjective and argues that they should, therefore, be excluded from consideration by the Board. Webb essentially argues for a different interpretation of the evidence. At its core, Webb's argument is a request to reweigh the evidence to discount the reviews and expert opinions provided by Schmidt, while weighing more heavily the favorable testimony and opinions provided by Martin.

Webb's arguments that Schmidt's assessments of Webb were subjective is not convincing. Opinions are inherently subjective. However, in this case Schmidt's opinions were based on knowledge and experience. Schmidt's qualifications as an expert were never challenged. In all events, Schmidt tied his opinions on Webb's failure to follow the USPAP directly to those standards.

The Board included in its Final Order a detailed listing of factual findings regarding the question of Webb's substantial noncompliance with the USPAP. Citing Schmidt's testimony, appraisal review reports, and the USPAP, the Board found particularized violations within both of Webb's appraisals regarding Standards Rules 1-1, 1-2, 1-4(b), 1-4(c), 2-1, 2-2(b), 2-2(c)(viii), and 2-3. The Board noted examples of missing details, such as foundations for data and percentages used by Webb, vacancy rates, and a lack of analysis, which demonstrated some of the gaps in Webb's appraisals, and objectively pointed to specific rule violations. These findings of fact, including a

discussion of the "subjectivity" of Schmidt, coupled with the Board members' experience and expertise, led them to conclusions of law to justify upholding the downgrading of Webb's license. See *Hart v. Kansas Board of Healing Arts*, 27 Kan. App. 2d 213, 218, 2 P.3d 797 (2000).

Among the Board's findings and conclusions was the determination that Schmidt was a credible witness and that Martin was not credible due, in part, to bias. The Board provided specific reasons for finding Martin's testimony and opinions lacking in credibility and, thus, found Martin unpersuasive as to his opinion that Webb's accuracy in assessed value should outweigh the question of whether he was substantially compliant with the USPAP. Deference to an agency's fact-finding and credibility determinations is required. *Bishop v. Russell Stover Candies*, No. 103,827, 2010 WL 5185815, at *1 (Kan. App. 2010) (unpublished opinion). Nevertheless, even viewing Martin's testimony in the best possible light, it would not amount even to mere equipoise with Schmidt's testimony. Martin prioritized the question of whether Webb's assessment of value was accurate, and he minimized the importance of whether Webb adhered to the USPAP's required methods and communications. Even without Schmidt's testimony and reviews, Martin's testimony would not automatically be conclusive. The Board members would still be able to rely on their own expertise and experience in making determinations based on the record as a whole. Webb has not met his burden to demonstrate that the Board's credibility determination of Schmidt was not reasonable, nor that Schmidt's testimony should be discounted.

Aside from Webb's central argument and belief that Schmidt's opinions and interpretations of the USPAP were subjective, the only other issue Webb had with the evidence is Schmidt's lack of an itemized list of missing documents from his reviews of Webb's appraisals. The Board noted, however, that the USPAP does not include a list of specific required documents, but rather requires specific types of information that are necessary for a substantially complaint appraisal. That information, when not present,

requires a sufficiency determination based in part on peer standards, but also on a judgment call as to whether the appraisal could be understood by its intended users. Schmidt, as an unchallenged expert, credibly provided those determinations.

A review of the evidence, both in support of the Board's findings and opposed to them, demonstrates a volume of testimony, articulated detail, documentation, and analysis explaining why the evidence supports the Board's findings. There is substantial evidence to conclude that the Board's action in downgrading Webb's license was reasonable in light of the record as a whole. Webb has not met his burden to show the Board's decision was based on facts that are not supported by substantial evidence in light of the record as a whole.

*Harmless Error*

It is noteworthy that the district court found that the Board's action regarding one potential rule violation of Rule 2-3 regarding competency was not based on substantial evidence in light of the record as a whole. While Webb's appraisals were initially suspected of being noncompliant with the Competency Rule for failing to include a signed certification similar in content to that at USPAP Standards Rule 2-3, this failure was later determined by Schmidt to be not substantial enough to rise to the level of noncompliance with this rule. It is not known why the Board did not reflect this fact in its Final Order, but the district court observed this as an error, albeit a harmless one. While Webb argues that this error is significant, the district court was correct. It is harmless. See *Frank v. Kansas Dept. of Agriculture*, 40 Kan. App. 2d 1024, 1035, 198 P.3d 195 (2008) (applied in appeal under KJRA). Schmidt conceded that this certification did not affect whether the appraisals were USPAP-compliant. Finding this one aspect of the Board's decision to be in error does not then mean that the other numerous violations discovered in Webb's appraisals are discounted enough to bring those appraisals into substantial compliance with the USPAP.

9

### THE BOARD'S ACTION TO DOWNGRADE WEBB'S APPRAISAL LICENSE WAS NOT UNREASONABLE, ARBITRARY, OR CAPRICIOUS

It appears from Webb's second briefed issue that he believes because Schmidt's testimony was so undermined on cross-examination and so subjective, reliance on it by the Board amounted to arbitrary and capricious conduct. Webb claims that the Board chose "Schmidt's law" over the USPAP, which was capricious. The arbitrary and capricious test relates to whether that particular action should have been taken or is justified, such as (1) the reasonableness of the Board's exercise of discretion in reaching the determination, or (2) whether the agency's action was without foundation in fact. *Powell*, 290 Kan. at 569. Again, Webb has the burden of proving the invalidity of the Board's action. K.S.A. 2015 Supp. 77-621(a)(1).

At its core, Webb's complaint is that the Board's actions, based on Schmidt's subjective interpretations of the USPAP, are without a basis and are, therefore, arbitrary. However, as demonstrated above, there was sufficient statutory authority for the Board's action, and that action was based on substantial evidence in light of the record as a whole. Webb has failed to meet his burden to demonstrate the Board's action is invalid for being unreasonable, arbitrary, or capricious.

Affirmed.