NOT DESIGNATED FOR PUBLICATION

No. 125,762

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ARLENE DENISE ROBINSON and PERRY L. ROBINSON SR.,
*Appellees*,

v.

KANSAS DEPARTMENT OF HEALTH AND ENVIRONMENT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Submitted without oral argument. Opinion filed January 26, 2024. Reversed in part, vacated in part, and dismissed in part.

*Dylan Avery*, of Kansas Department of Health and Environment, for appellant.

*Randall K. Rathbun*, of Depew Gillen Rathbun & McInteer LC, of Wichita, for appellees.

Before MALONE P.J., CLINE and COBLE, JJ.

PER CURIAM:  This matter involves certain actions the Kansas Department of Health and Environment (KDHE) took regarding Little Lites Day Care's (Little Lites) day care license. After receiving a complaint of allegations of physical abuse of a child in Little Lites' care, KDHE and the Kansas Department for Children and Families (DCF) initiated an investigation. While the investigation was pending, KDHE issued an emergency order immediately suspending Little Lites' day care license. Little Lites' proprietors, Arlene Robinson and Perry Robinson Sr., petitioned for judicial review of this order. In the meantime, KDHE apparently initiated proceedings to revoke Little Lites' day care license.

1

After an evidentiary hearing, the district court concluded KDHE's emergency order was not supported by the record. It noted additional evidence emerged during the hearing and remanded the matter to KDHE for further fact-finding. In its remand order, the court also enjoined the separate revocation proceeding. KDHE appeals the district court's order. It claims the record supports KDHE's emergency order. KDHE also challenges the district court's jurisdiction to enjoin the separate proceeding which had not yet come before the court.

After reviewing the record and arguments of the parties, we reverse and vacate the district court's injunction of the separate proceeding because we agree the district court had no jurisdiction over that proceeding. But we dismiss KDHE's appeal of the remand order because we lack jurisdiction over it. The court's order remanding the matter for further fact-finding was not a final appealable decision and so our review of it would be premature. See *In re Licensure of Shelly Ann Vandevord Day Care Home*, No. 123,827, 2022 WL 1701598, at *1 (Kan. App. 2022) (unpublished opinion). We therefore reverse and vacate the district court's injunction of the revocation proceedings and dismiss the rest of KDHE's appeal.

FACTS

On July 15, 2022, KDHE issued an emergency order suspending Little Lites' day care license at DCF's request, after DCF reported a complaint of allegations of physical abuse of a child in Little Lites' care. KDHE and DCF initiated a joint investigation of the complaint and KDHE found suspension of Little Lites' license was necessary to protect children in the home, pending the outcome of the investigation.

Representing themselves, the Robinsons petitioned for judicial review of the emergency order of suspension. In the petition, the Robinsons disputed the validity of the allegations against them.

2

The district court conducted a hearing to review KDHE's emergency order on September 27, 2022. At the outset, KDHE advised the court that on September 26, 2022, KDHE had issued a notice of intent to revoke Little Lites' day care license (KDHE Notice), which would "be mailed out to the plaintiff shortly." KDHE noted the Robinsons would have an opportunity for an administrative hearing and to present evidence about the KDHE Notice. KDHE moved to stay the current action pending the outcome of the eventual hearing on the KDHE Notice, which the district court denied.

As the hearing proceeded, the Robinsons called several witnesses. One of the witnesses, Lamont Martin, was the former foster parent of the child at issue in the investigation. Martin testified the child had bruises when he arrived for placement in Martin's care. Martin asked the foster care caseworker who brought the child about the bruises and was told they were from a previous placement and were documented in the child's file. Martin informed Arlene of the bruises when he brought the child for day care at Little Lites and told her the caseworker had documented them. Martin also took his own photos of the bruises and kept them on his phone.

Martin testified Arlene sent him photographs and a video of how the child was acting at day care, which allegedly showed the child hitting himself in the face while in her care. Martin said he had those photographs and video on his phone and had forwarded them to his foster care caseworker. But Martin testified no one from DCF contacted him about the child or the investigation.

At the end of the hearing, the district court orally ruled KDHE's emergency suspension order was based on a determination of fact, made or implied by the agency, that was not supported by the record and the appropriate standard of proof. It found the photographs and video Martin mentioned were "new evidence that has become available that relates to the validity of the agency action at the time it was taken and that KDHE did not know and did not discover that." The court also found either KDHE or DCF was

3

under a duty to discover this evidence in the investigation. The court therefore remanded the matter to KDHE for further investigation to include Martin's photographs and video along with other evidence mentioned at the hearing (sign-in sheets at Little Lites) which were also apparently not reviewed by KDHE. Last, under K.S.A. 77-622, the district court enjoined KDHE "from issuing a revocation of . . . Little Lites Day Care license until such time as further investigation and review . . . occurs as [the district court has] directed."

The district court issued a memorandum decision and order on October 17, 2022. In it, the court noted it initially intended to issue a handwritten minute order after the hearing, but after further reflection, it determined such an order would be insufficient to satisfy the court's obligations under K.S.A. 77-621(b) and (c). It added that its memorandum decision superseded its oral rulings.

The district court provided several specific findings of fact in its memorandum decision to explain its ruling that KDHE's action was not supported to the appropriate standard of proof by evidence that is substantial when viewed in light of the record as a whole. It also found KDHE failed to adequately investigate potentially readily available evidence, failed to adequately interview persons likely to have personal knowledge of the facts, and potentially conducted an unconstitutional inspection of the day care facility by searching the solely residential portion of the Robinsons' home. The district court remanded the matter to KDHE for further fact-finding, to include obtaining the evidence mentioned in its oral ruling along with additional investigative steps. And it enjoined KDHE's "order of termination of the license of Little Lites Day Care, which the Court was informed had been issued in the 48 hours prior to [the] hearing."

In the memorandum decision, the district court acknowledged it had received a courtesy copy of KDHE's "order on remand," which was issued October 13, 2022. The district court noted KDHE:

4

"quickly sought to complete what was orally mentioned by the Court at the conclusion of the hearing. However, it does not appear that KDHE has done all that the Court has directed in this written Memorandum and Order. Therefore, also pursuant to K.S.A. 77-622(b), the Court enjoins the October 13, 2022 Order on Remand from taking effect until KDHE issues an Amended Order that seeks to comply more fully with this written Memorandum Decision and Order and all statutory and legal requirements."

KDHE appealed from the district court's memorandum decision and order and all adverse rulings. While the case was pending, we issued a show-cause order to the parties to address this court's jurisdiction to consider the appeal. Both parties timely responded.

ANALYSIS

KDHE raises several issues on appeal. It first challenges the district court's jurisdiction to enjoin KDHE's pursuit of the revocation of Little Lites' day care license (initiated by the KDHE Notice). It also disputes the factual findings underpinning the remand of the emergency suspension order and questions the scope of the remand order. Last, it challenges the court's injunction of KDHE's order on remand.

We agree the district court had no authority to enjoin KDHE's pursuit of revocation of Little Lites' day care license because that issue was not yet before the court. We therefore reverse and vacate this portion of the district court's order. But we dismiss KDHE's remaining arguments on appeal. We lack jurisdiction to review the court's remand for further fact-finding since that decision was not a final appealable order and we lack an adequate record to review the court's injunction of KDHE's order on remand. We therefore dismiss that portion of KDHE's appeal.

5

*The district court had no jurisdiction to enjoin KDHE's pursuit of its notice of intent to revoke.*

As mentioned above, at the hearing on the Robinsons' petition for judicial review of KDHE's emergency order of suspension, KDHE informed the district court that it had begun an ancillary proceeding to pursue revocation of Little Lites' day care license. A copy of the KDHE Notice which initiated this proceeding is not in the record. KDHE tells us on appeal that the KDHE Notice was issued pursuant to K.S.A. 65-504(d), which gives KDHE the authority to revoke Little Lites' day care license "'after giving notice and conducting a hearing in accordance with the provisions of the *Kansas administrative procedure act*.'" The Robinsons do not dispute this characterization of the KDHE Notice, and this explanation aligns with KDHE's representations to the district court at the hearing that the Robinsons would be allowed an opportunity to present evidence and have a separate administrative hearing in this ancillary proceeding.

While the district court acknowledged at the outset of the hearing that the only order to be addressed at the hearing was the emergency order of suspension—not the KDHE Notice—at the end of the hearing it enjoined KDHE from pursuing the ancillary proceeding initiated by the KDHE Notice, citing K.S.A. 77-622 as its authority to do so. And it repeated this injunctive order in its memorandum decision. Yet by the time the district court issued its memorandum decision it apparently confused the status of the ancillary proceeding because, while at the hearing KDHE told the court it had simply sent a notice to begin proceedings to revoke the license, the court characterized the ancillary action as an "order of termination of the license of Little Lites Day Care." The record does not suggest the district court had a copy of the KDHE Notice when it issued either ruling.

While we appreciate the district court's presumed desire for efficiency and its efforts to streamline the proceedings, KDHE is correct that the district court overstepped

6

its authority when it issued an order enjoining a separate proceeding which was not properly before it. As KDHE points out, the KDHE Notice did not qualify as "'[f]inal agency action'" subject to review under the Kansas Administrative Procedure Act (KAPA), K.S.A. 77-501 et seq. A notice of intent to revoke Little Lites' day care license would qualify as "nonfinal agency action," which is only subject to judicial review under certain circumstances which no one argues are present here. See K.S.A. 77-607(b)(2) (defining "'[n]onfinal agency action'"); K.S.A. 77-608 (discussing circumstances allowing review of nonfinal agency action). And, indeed, the Robinsons had not even received a copy of the KDHE Notice much less petitioned for judicial review of it before the hearing.

Simply put, the district court's injunction of the ancillary proceeding was premature. No party sought judicial review of the KDHE Notice and, in fact, there was nothing yet to review. As KDHE notes on appeal, the Robinsons could not have exhausted their administrative remedies on KDHE's request for revocation since the separate proceeding initiated by the KDHE Notice had just begun. The Robinsons still had the opportunity to request an administrative hearing on KDHE's intent to revoke and, if a final order of revocation was issued after that hearing, they could then seek judicial review of that decision by the district court.

The district court made no findings under K.S.A. 77-612(d) which would relieve the Robinsons of their duty to exhaust all administrative remedies before seeking review of the agency action being challenged (which would be, presumably, the order revoking Little Lites' day care license, should such an order be issued after an administrative hearing in the separate proceedings). Nor did the court make a finding under K.S.A. 77-617(d) which would allow it to review the KDHE Notice "in the interests of justice," before all administrative remedies were exhausted.

7

Because KAPA did not provide the district court with jurisdiction to review the KDHE Notice, we find it was without authority to enjoin the KDHE Notice or the ancillary proceeding initiated by that notice. Further, even if the district court had jurisdiction to enjoin the KDHE Notice, it issued none of the required findings under K.S.A. 77-621(c) to support this ruling. We therefore reverse and vacate that portion of the district court's order.

*We have no jurisdiction to review the district court's remand order.*

The main thrust of the district court's order on appeal was its remand of the matter subject to review—KDHE's emergency order of suspension—back for more fact-finding. As a reminder, the district court issued an oral ruling remanding the case for further fact-finding after a new witness (Martin) and new evidence (the videos and photographs on Martin's phone and Little Lites' sign-in sheets) emerged at the hearing on KDHE's emergency order. When it remanded the case for further investigation, the court ordered KDHE to review this evidence and review Martin's hearing testimony about the video and photographs and review Arlene's hearing testimony about the sign-in sheets as part of KDHE's further investigation. A few weeks later, the district court issued a memorandum decision which superseded this oral ruling. This decision repeated the instructions given at the hearing about what KDHE should include in its investigation and contained additional instructions about other lines of investigation KDHE must pursue as part of this further fact-finding.

KDHE challenges this remand for several reasons, but, as the Robinsons correctly point out, we have no jurisdiction to address KDHE's challenge since the remand is not a final appealable order.

A panel of this court addressed a similar jurisdictional issue in *In re Licensure of Shelly Ann Vandevord Day Care Home*, 2022 WL 1701598, at *1. In *In re Vandevord*,

8

KDHE appealed a district court's decision which remanded KDHE's revocation of Vandevord's day care license to KDHE for further findings and investigation. As we did here, that panel issued a show-cause order to the parties which questioned whether the district court's remand order was a final appealable order and whether this court had jurisdiction. Ultimately, the panel determined the district court's remand order was not a final appealable order and dismissed the appeal for lack of jurisdiction. 2022 WL 1701598, at *1.

The *In re Vandevord* panel explained:

"Under K.S.A. 77-623, '[d]ecisions on petitions for judicial review of agency action are reviewable by the appellate courts as in other civil cases.' We exercise the same statutorily limited review of an agency's action as does the district court, '"as though the appeal had been made directly to this court."' *Kansas Dept. of Revenue v. Powell*, 290 Kan. 564, 567, 232 P.3d 856 (2010). District courts have limited power of review under the [Kansas Judicial Review Act (KJRA), 77-601 et seq.,] and may only grant relief based on the enumerated circumstances in K.S.A. 77-621(c). *Sheldon v. KPERS*, 40 Kan. App. 2d 75, 79, 189 P.3d 554 (2008) (citing *Jones v. Kansas State University* 279 Kan. 128, 139, 106 P.3d 10 [2005]). However, we need not delve extensively into the analytical framework of the KJRA. Here, the threshold question—whether we have jurisdiction over KDHE's appeal—is ultimately dispositive to our decision.
         . . . .
"Under K.S.A. 2020 Supp. 60-2102(a)(4), a party may appeal a 'final decision' in any action as a matter of right. The jurisdictional question before us is whether the district court's order of remand is a final appealable decision. 'If not, the appeal is interlocutory and must be dismissed.' *Nickels v. Board of Education of U.S.D. No. 453*, 38 Kan. App. 2d 929, 931, 173 P.3d 1176 (2008). Whether jurisdiction exists is a question of law over which our scope of review is unlimited. See *Via Christi Hospital Wichita v. Kan-Pak*, 310 Kan. 883, 889, 451 P.3d 459 (2019)." *In re Vandevord*, 2022 WL 1701598, at *2.

It is well established that "absent exceptional circumstances, a district court order remanding a proceeding to [an agency] for further findings is not a final decision

9

appealable as of right under K.S.A. 60-2102(a)(4)." *Holton Transport, Inc. v. Kansas Corporation Comm'n*, 10 Kan. App. 2d 12, 13, 690 P.2d 399 (1984). Contrary to KDHE's arguments, the district court's order of remand was not a final decision because it was not "'one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court.'" *Gulf Ins. Co. v. Bovee*, 217 Kan. 586, 587, 538 P.2d 724 (1975). As discussed in *Vandevord*, the district court's limited power of review under the KJRA prevents the district court from granting relief outside the enumerated circumstances in K.S.A. 77-621(c). 2022 WL 1701598, at *2.

KDHE's argument that the district court's order for remand was a final appealable order is unpersuasive. KDHE suggests, even if its appeal is interlocutory, this court should exercise its discretion in granting an interlocutory appeal under K.S.A. 2022 Supp. 60-2102(c). As in *In re Vandevord*, the district court found the agency needed to conduct additional fact-finding, including review of evidence that emerged during the hearing, which might impact its decision. We cannot speculate how KDHE will proceed after it conducts the ordered fact-finding or what the district court might decide should the matter return to the district court after the additional investigation is completed. See *In re Vandevord*, 2022 WL 1701598, at *5. And KDHE has not persuasively argued that exceptional circumstances permit us to consider its interlocutory appeal. We therefore dismiss KDHE's appeal of the remand order for lack of jurisdiction.

*KDHE has failed to designate an adequate record for review of its appeal of the district court's injunction of its order on remand.*

In its October 17, 2022 memorandum decision, the district court referenced an October 13, 2022 order on remand issued by KDHE, which the court apparently received sometime after the hearing and before the court had finished drafting its decision. This order is not in the record, and no party enlightens us as to its contents. While KDHE now

complains that the district court erred by enjoining the order on remand without providing KDHE notice and an opportunity to respond, it provides insufficient detail to allow us to review this claim.

Without knowing the contents of the order on remand, we cannot determine what agency action, if any, the district court's injunction impacted. And given the temporary nature of the injunction—the court only enjoined the order on remand "from taking effect until KDHE issues an Amended Order that seeks to comply more fully with [the court's] written Memorandum Decision and Order and all statutory and legal requirements," it may also be futile to determine the merits since this issue may have very well become moot. Indeed, KDHE did not mention this aspect of its appeal in its response to our show-cause order, providing support for this added reason not to undertake a review of the district court's order.

KDHE provides no substantive description of the purpose or impact of its order on remand. We cannot evaluate its claim of a violation of its due process rights without this information. And the legal authority it cites in support of its claim of error provides no help because it is unrelated to the situation before us. Both opinions KDHE relies on involve the district court's power (inherent or statutory) to grant or deny injunctive relief under Chapter 60 of the Kansas Statutes Annotated, and both involve permanent injunctions. See *Kansas East Conf. of the United Methodist Church v. Bethany Med. Ctr.*, 266 Kan. 366, 381, 969 P.2d 859 (1998); *NPIF2 Kansas Ave. v. BH Investments*, No. 117,545, 2018 WL 1973746, at *4-5 (Kan. App. 2018) (unpublished opinion). But the district court did not enter a permanent injunction here, and KDHE does not address the court's broad authority to grant injunctive relief under K.S.A. 77-622(b) and make interlocutory orders—such as its injunction of the order on remand pending further proceedings or agency action—under K.S.A. 77-622(d) in reviewing the order of emergency suspension.

11

We lack an adequate record to review the district court's injunction of the order on remand. And it is KDHE's burden to provide an adequate record to review its claims on appeal. Without this record, we must presume the district court's action was proper and therefore dismiss KDHE's appeal of the injunction of its order on remand. See *State v. Moncla*, 262 Kan. 58, Syl. ¶ 2, 936 P.2d 727 (1997).

Reversed in part, vacated in part, and dismissed in part.