254 P.3d 1264 (2011)
2 Kan. 437
STATE of Kansas, Appellee,
v.
John Henry HORTON, Appellant.
No. 101,054.
Supreme Court of Kansas.
July 15, 2011.
*1265 Lydia Krebs, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.
Steven J. Obermeier, assistant district attorney, argued the cause, and Stephen M. Howe, district attorney, and Steve Six, attorney general, were with him on the brief for appellee.
The opinion of the court was delivered by ROSEN, J.:
On December 10, 2010, this court heard arguments in the first-degree felony-murder appeal of defendant John Henry Horton. We have determined that the record is insufficient for determination of one of the issues that Horton raised on appeal: Did the district court commit reversible error when it held that it had no jurisdiction to reopen the evidence after the jury began deliberating? This court therefore remands the case to the district court for a new hearing and decision relating to this issue.
In 1974, 13-year-old L.W. went missing on her way home from a public swimming pool. Skeletal remains were found in a nearby field several months later. In 2003, after DNA testing confirmed that the remains were L.W.'s, the State charged Horton with first-degree felony murder. Although no evidence directly linked him to the girl's death, the State constructed a theory based on Horton's proximity to the victim, materials found in his car, and interactions that he had with other teenage girls. He was tried and convicted. The facts and grounds for reversal of the first conviction are set out in State v. Horton, 283 Kan. 44, 151 P.3d 9 (2007). The facts developed at the second trial were generally the same as at the first, with the significant addition of the testimony of two prisoners who testified that Horton had told them that he had killed a girl under circumstances conforming to the State's theory.
Following the conclusion of the evidentiary presentation and the parties' closing arguments, and after the jury began deliberating, Horton's counsel made an oral motion to suspend deliberations for 2 days in order to give the defense time to translate and analyze a recorded telephone call between Sergio Castillo-Contreras, who was one of the two prisoner-witnesses, and Castillo-Contreras' mother. The essence of the conversation apparently was that a guard was recruiting Castillo-Contreras to testify because of some unspecified problem with the other inmate witness.
Horton's counsel informed the district court that the only authority for reopening a case was the "living, breathing Constitution of the United States of America." Counsel for the State informed the district court that "[t]here is no mechanism that would allow for this." The court concluded that it did not have the authority to suspend the jury deliberations to allow for the introduction of additional evidence.
*1266 Horton contends on appeal that the district court abused its discretion by refusing to exercise it. In Horton's view, the district court had discretion to allow the admission of additional evidence, even after the jury had begun its deliberations. We agree.
The parties before the district court and the district court itself erred in their statements of the law. In fact, a district court has "broad discretion" to determine whether a party may reopen its case to offer additional evidence. State v. Murdock, 286 Kan. 661, 674, 187 P.3d 1267 (2008). Murdock, quoting from United States v. Blankenship, 775 F.2d 735, 741 (6th Cir. 1985), explained the court's discretionary authority:
"`In exercising its discretion, the court must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion. The party moving to reopen should provide a reasonable explanation for failure to present the evidence in its case-in-chief. The evidence proffered should be relevant, admissible, technically adequate, and helpful to the jury in ascertaining the guilt or innocence of the accused. The belated receipt of such testimony should not "imbue the evidence with distorted importance, prejudice the opposing party's case, or preclude an adversary from having an adequate opportunity to meet the additional evidence offered." [Citation omitted.]'" Murdock, 286 Kan. at 672-73, 187 P.3d 1267.
In addition to Murdock, a long line of Kansas cases has recognized that a district court has the discretionary option to allow a party to reopen its evidentiary presentation. In State v. Braun, 209 Kan. 181, 188, 495 P.2d 1000, cert. denied 409 U.S. 991, 93 S.Ct. 334, 34 L.Ed.2d 258 (1972), this court held: "It has long been the law of Kansas that the granting of permission to the state to reopen its case rests in the sound discretion of the trial court." In State v. Carmichael, 240 Kan. 149, 157, 727 P.2d 918 (1986), the court reiterated that it is "a matter of discretion whether the trial court permits either or both of the parties to reopen a case for introduction of additional evidence after having rested. [Citation omitted.]" See also State v. Davis, 237 Kan. 155, 159, 697 P.2d 1321 (1985) (district court abused its discretion by not allowing defendant to present surrebuttal evidence after both parties rested); State v. Wooden, 110 Kan. 315, 203 P. 722 (1922) (district court did not abuse its discretion in allowing State to reopen case after jury instructions were given); State v. Moon, 71 Kan. 349, 80 P. 597 (1905) (district court did not abuse its discretion in reopening case to allow newly discovered impeachment testimony after evidence was closed); State v. Teissedre, 30 Kan. 476, 2 P. 650 (1883) (district court did not abuse its discretion in allowing State to reopen its case to present jurisdictional evidence during defendant's closing argument); Hudson v. Solomon, 19 Kan. 177 (1877) (Supreme Court had discretion but elected not to reopen submission of evidence several days after case submitted for decision in original trial before the Supreme Court in election challenge); Cook v. Ottawa University, 14 Kan. 548 (1875) (tribunal had discretion to reopen case after it has been submitted to a referee for decision).
In the present case, the State argued to this court that the district court was confronted with a novel question and that Kansas precedent provided it with no instruction on whether it had the discretion to reopen the introduction of evidence once a case had been submitted to a jury. In Anderson v. Berg, 202 Kan. 659, 660-61, 451 P.2d 248 (1969), however, this court expressly reaffirmed the doctrine of judicial discretion in those circumstances. The court found that the district court abused its discretion in allowing the introduction of additional evidence in response to a jury question due to a failure to establish a proper foundation for the evidence, not due to reopening the case for admission of additional evidence. See also Hudson v. Solomon, 19 Kan. at 185; Cook v. Ottawa University, 14 Kan. at 551-52 (holding that cases may be reopened after evidence has been submitted to the tribunal for consideration).
The normally highly deferential abuse of discretion standard is affected by a district court's failure to consider or apply properly the correct legal standard. State v. *1267 Brinklow, 288 Kan. 39, 42, 200 P.3d 1225 (2009). It is an abuse of discretion for a district court to issue a "blanket ruling" that disposes of a discretionary determination automatically without analyzing the factors that would enter into the discretionary decision; i.e., it is an abuse of discretion to refuse to exercise discretion or fail to appreciate the existence of the discretion to be exercised in the first place. Kansas Dept. of Revenue v. Powell, 290 Kan. 564, 569-70, 232 P.3d 856 (2010). "A tribunal's failure to exercise its discretionary authority is an abuse of discretion." Powell, 290 Kan. 564, Syl. ¶ 5, 232 P.3d 856.
The district court abused its discretion in refusing to hear and weigh evidence relating to the admissibility of the recorded telephone conversation and the possible impeachment of the witness. The analysis does not, however, end here. In general, if the district court abuses its discretion, the defendant has the burden of demonstrating resulting prejudice that warrants reversal. See State v. McReynolds, 288 Kan. 318, 329, 202 P.3d 658 (2009); State v. Boyd, 281 Kan. 70, 80, 127 P.3d 998 (2006). If substantial justice has been done, viewed in light of the entire trial record, an error that does not cause prejudice to the defendant's substantial rights does not require reversal. State v. Dixon, 289 Kan. 46, 67, 209 P.3d 675 (2009).
In the present case, it is impossible to determine whether the abuse of discretion resulted in prejudice to the defendant. The record contains nothing more than speculations about the contents of the recorded telephone conversation and the significance, if any, that the conversation might have had for the parties' respective cases. The record also contains nothing more than fleeting discussion of the factors that a court should address in exercising its discretion to reopen a case. See Murdock, 286 Kan. at 672-73, 187 P.3d 1267; Blankenship, 775 F.2d at 741.
Because this court cannot determine from the record on appeal whether the failure to exercise discretion amounted to prejudicial error, this matter is remanded to the district court for determination of the narrow issue of whether the court should have reopened the presentation of evidence to allow the jury to hear evidence relating to the recording of Castillo-Contreras' telephone conversation and any rebuttal evidence offered by the State. The hearing may include exhibits, transcripts of the recorded conversation, testimony of witnesses, and arguments by counsel.
The Supreme Court retains jurisdiction over the case on appeal pending resolution of the issue on remand. The appellant is ordered to file a report with this court on or before August 8, 2011, explaining the status of the proceedings on remand. When the district court enters judgment on this matter, counsel for the appellant is to obtain a certified, file-stamped copy of the order and file it with this court. The Supreme Court will then inform the parties whether they have additional duties to perform in assisting this court with resolving this issue.
The defendant's appellate counsel is responsible for maintaining contact with the district court and the defendant's trial counsel during remand. If appellate counsel seeks to be served with district court orders, counsel should enter an appearance before the district court requesting such service.
Appeal suspended; remanded with directions.
MICHAEL J. MALONE, District Judge, assigned.