NOT DESIGNATED FOR PUBLICATION

No. 114,408

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LLOYD WHEELER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed December 9, 2016. Affirmed in part, vacated in part, and remanded with directions.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.

*Per Curiam*: Lloyd Wheeler appeals from the district court's decision to revoke his probation and impose a modified prison sentence. After reviewing the record on appeal, we conclude that the district court did not abuse its discretion in revoking Wheeler's probation. Nevertheless, it appears that the district court did not realize that there were sanctions available for consideration other than simply reinstatement of probation or imposition of a prison sentence. Thus, we vacate that portion of the district court's order relating to the sanction to be imposed as a result of the violations of the terms of Wheeler's probation and remand this matter for further proceedings.

1

On August 4, 2014, Wheeler pled guilty to four counts of robbery. At his sentencing hearing, the district court granted Wheeler's motion for a downward dispositional departure. Accordingly, the district court sentenced Wheeler to 238 months in prison, which was suspended to 36 months of probation.

At a probation revocation hearing held on June 11, 2015, Wheeler waived his right to an evidentiary hearing and admitted to multiple violations of the terms of his probation. Specifically, Wheeler admitted to nine violations—using cocaine on two occasions, testing positive for cocaine, and failing to attend treatment on six occasions. Accordingly, the district court found Wheeler had committed the alleged violations and revoked his probation.

The State requested that Wheeler be ordered to serve his underlying prison sentence because he continued to use drugs while on probation, failed to obtain treatment, showed that he was not amenable to probation, and placed the public at risk of continued criminal activity. On the other hand, Wheeler's attorney requested that the probation be reinstated so that his client could obtain treatment. Moreover, Wheeler's probation officer indicated that he thought Wheeler could benefit from a 180-day prison sanction—which would allow him an opportunity to focus on sobriety—and then have his probation reinstated with the added condition that he successfully complete treatment.

In deciding the disposition, the district court stated:

> "My personal opinion is that I cannot do a 180 day sanction because you haven't had a sanction up to this point in time. I think there has to be a separation between a quick dip under the statute and the imposition of 120 or 180 day sanction. So my choices are, quite honestly, in my opinion, to reinstate you to probation or to send you to prison."

The district court then asked Wheeler's probation officer if he thought Wheeler would be successful if his probation were to be reinstated. The probation officer answered that he did not think Wheeler would "get ahold of his addiction." The district court then asked the prosecutor for the State's position on whether it could impose a 180-day sanction. In response, the prosecutor informed the district court that he did not believe that a 180-day sanction could be imposed without first imposing a quick dip—or a 2-3 day—sanction.

Ultimately, the district court made a finding under K.S.A. 2015 Supp. 22-3716(c)(9) that it would be in the interest of public safety to revoke Wheeler's probation. The district court found that "based on repeated and continuing drug abuse and repeated continuing failure to attend treatment mandated by [the court] to address [Wheeler's] drug use . . . that there is a public safety risk that you are likely to re-engage in violent behavior." Nevertheless, the district court reduced Wheeler's sentence from 238 months to 136 months of imprisonment, which gave the effect of running the sentences concurrent.

ANALYSIS

On appeal, Wheeler does not challenge the district court's finding that it could not impose a 180-day sanction without first imposing a 2- or 3-day intermediate sanction of confinement in jail under K.S.A. 2015 Supp. 22-3761(c)(1)(B). Rather, Wheeler contends that the district court abused its discretion by failing to consider imposing a 60-day prison sanction under K.S.A. 2015 Supp. 22-3716(c)(11). He suggests that the district court did not appreciate the fact that it had options available in terms of sanctions other than reinstating probation or imposing the underlying sentence. In response, the State contends that the district court properly exercised its discretion in revoking Wheeler's probation and imposing a modified prison sentence under K.S.A. 2015 Supp. 22-3716(c)(9).

3

Unless otherwise required by law, the sentencing judge grants probation as a privilege—not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the probation conditions, revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). Courts may also abuse their discretion when they "fail to appreciate the existence of the discretion to be exercised in the first place." *State v. Horton*, 292 Kan. 437, 440, 254 P.3d 1264 (2011), citing *Kansas Dept. of Revenue v. Powell*, 290 Kan. 564, 569-70, 232 P.3d 856 (2010).

We will address Wheeler's second issue first. Based on our review of the record, we have no difficulty concluding that the district court appropriately exercised its discretion to revoke based on Wheeler's admission to nine violations of the terms of his probation. Moreover, there is substantial evidence in the record to support the district court's decision not to reinstate Wheeler's probation in light of these violations—which included continued drug use while on probation and repeated failure to obtain required treatment.

It appears from the record, however, that the district court may have believed that it only had two options available in terms of disposition upon revoking Wheeler's probation—(1) reinstatement of probation or (2) imposition of a prison sentence. Specifically, the district court stated during the probation revocation hearing, "So my choices are . . . to reinstate you to probation or to send you to prison." Although these were certainly two options that were available to the district court, they were not the only options.

As Wheeler points out in his brief, K.S.A. 2015 Supp. 22-3716(c)(11) provided the court with another sanction option:

"If the original crime of conviction was a felony . . . and the court makes a finding that the offender has committed one or more violations of the release conditions on probation . . . , the court *may impose confinement in a county jail not to exceed 60 days upon each finding*. Such confinement is *separate and distinct* from the violations provided in [other subsections of the statute] and shall not be imposed at the same time as any such violation sanction." (Emphasis added.) K.S.A. 2015 Supp. 22-3716(c)(11).

Accordingly, the district court also had the discretion to impose a sanction up to 60 days in jail for each of Wheeler's violations of the terms of his probation without first imposing other intermediate sanctions. See *State v. Shannon*, No. 112,691, 2015 WL 4587766 (Kan. App. 2015) (unpublished opinion).

It is possible that the district court may have been receptive to ordering a lesser sanction under K.S.A. 2015 Supp. 22-3716(c)(11) in light of the statements made at the probation revocation hearing regarding the available options. On the other hand, it is possible that the district court would have still exercised its discretion to impose a modified prison sentence based on the finding of a public safety risk. Unfortunately, we simply cannot tell from the record whether the district court considered this alternative or whether it failed to recognize the existence of its discretion to order a reduced sanction as Wheeler contends.

We, therefore, affirm the revocation of Wheeler's probation but vacate that portion of the district court's order relating to the disposition. Furthermore, we remand this matter to the district court to exercise its discretion after consideration of the various disposition options available pursuant to K.S.A. 2015 Supp. 22-3716.

Affirmed in part, vacated in part, and remanded for further proceedings.