No. 116,038

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TRINA GREEN,
*Appellant*,

v.

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/
KANSAS CITY, KANSAS, *et al.*,
*Appellees.*

SYLLABUS BY THE COURT

1.

The Kansas Open Records Act provides in K.S.A. 45-216(a) that it is the policy of this state that public records shall be open for inspection by any person unless specifically provided otherwise by statute.

2.

Consistent with the policy that public records generally be open for inspection, the Kansas Open Records Act provides in K.S.A. 2016 Supp. 45-222(c) that a public agency denying disclosure of a record has the burden of proof in court to show that its action was proper.

3.

When a defendant files a motion to dismiss the plaintiff's claim because it fails to state any viable claim for legal relief, the district court must accept the facts included in the plaintiff's petition. The court cannot resolve factual disputes on this motion, so it must resolve any doubt about the facts in the plaintiff's favor.

1

4.

When a plaintiff's petition presents allegations that, if true, would give the district court discretion to order disclosure of public records, that petition cannot be dismissed on a motion to dismiss for failure to state a claim upon which relief may be granted.

Appeal from Wyandotte District Court; DANIEL A. DUNCAN, judge. Opinion filed May 26, 2017. Reversed and remanded.

*Derrick A. Pearce*, of Peterson & Associates, P.C., of Kansas City, Missouri, for appellant.

*Jane A. Wilson*, assistant counsel, Unified Government of Wyandotte County/Kansas City, for appellees.

Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

LEBEN, J.: The Kansas Open Records Act begins with a simple proposition: "It is declared to be the public policy of this state that public records shall be open for inspection by any person unless otherwise provided by this act." K.S.A. 45-216(a). The Act also provides that it "shall be liberally construed and applied to promote" this policy of openness. K.S.A. 45-216(a). And in any court action seeking to enforce disclosure of records, a public agency refusing to produce records has the burden of proof to show that it wasn't required to disclose the records. K.S.A. 2016 Supp. 45-222(c).

With these concepts in mind, we consider what happened when Trina Green asked to see records about the shooting of her son by law-enforcement officers from the Wyandotte County Sheriff's Department. Specifically, she asked to see the records about the shooting from the sheriff's department and the Kansas City (Kansas) Police Department. Those departments refused her request, citing an exception to disclosure for criminal-investigation records that's found in a statute, K.S.A. 2016 Supp. 45-221(a)(10).

2

That exception isn't iron-clad, though. It provides that the district court "may order disclosure of such records, subject to such conditions as the court may impose, if the court finds that the disclosure" is in the public interest; wouldn't interfere with a law-enforcement investigation; wouldn't reveal confidential sources, techniques, or agents; wouldn't endanger anyone's safety; and wouldn't reveal any specific identifying information of the victim of a sexual offense (like the name or phone number of the victim). K.S.A. 2016 Supp. 45-221(a)(10)(A)-(F). By providing that the district court "*may* order disclosure," the statute tells us that the district court has discretion when making this judgment call. Given the public policy for disclosure, though, one would think that if the court finds disclosure would be "in the public interest" and none of the harms listed in K.S.A. 2016 Supp. 45-221(a)(10)(A)-(F) would arise on disclosure, then the records should be disclosed.

Given this background, what happened in the district court when Green sued to get the court to order production of records related to her son's shooting is strange.

The defendant in the case—the Unified Government of Wyandotte County/Kansas City, Kansas ("the Unified Government")—filed a motion to dismiss her case on the ground that it failed even to state a proper claim for legal relief. The Unified Government argued that disclosure of the records wasn't required because a criminal investigation was ongoing. Based on that, the Unified Government asked the court to dismiss Green's claim "with prejudice," meaning that she could not file again in the future seeking the same records.

When a defendant files a motion to dismiss the plaintiff's claim because it fails to state any viable claim for legal relief, the district court must accept the facts included in the plaintiff's petition as true. The court cannot resolve factual disputes at this point, so it must resolve any doubt about the facts in the plaintiff's favor. See K.S.A. 2016 Supp. 60-

212(b)(6); *Steckline Communications, Inc. v. Journal Broadcast Group of Kansas, Inc.*, 305 Kan. 761, Syl. ¶ 2, 388 P.3d 84 (2017).

Green's petition had alleged that a sheriff's deputy had fired a handgun "multiple times into the body" of her son, nearly killing him. The petition alleged that production of the records had been refused based on the criminal-investigation exception but that no one had explained "how the release of the requested information would interfere with law enforcement action, criminal investigations, and future prosecutions." And the petition alleged that disclosure of the records was in the public interest, noting that several media outlets in Kansas City had published stories about the shooting.

As we've already noted, in considering a motion to dismiss, the district court had to accept the facts included in the petition as true. In addition, the Kansas Open Records Act also provides—as Green noted in her petition—that a public agency denying disclosure of a record has the burden of proof in court to show that its action was proper. See K.S.A. 2016 Supp. 45-222(c). So it should be clear that the district court could not properly dismiss Green's claim based just on the allegations of the petition. Yet the district court not only granted dismissal of Green's petition, it also dismissed the petition with prejudice—presumably preventing her from later seeking a court order to disclose the records even after all investigations had been completed.

How did the district court explain this decision? It said that it was acting "based upon its findings and utilizing the discretion provided under K.S.A. . . . 45-221(a)(10)."

We don't know what "findings" the district court may have made; it didn't provide any factual findings in its two-paragraph order. But a district court is not to make factual findings on a motion to dismiss for failure to state a claim. Instead, it's supposed to accept the facts that have been included in the plaintiff's petition. *Steckline Communications, Inc.*, 305 Kan. 761, Syl. ¶ 2.

4

Subsections (B) through (F) of K.S.A. 2016 Supp. 45-221(a)(10) do provide some factors the court must consider, such as whether disclosure would interfere with a criminal investigation (subsection [B]) and whether disclosure would endanger anyone's life or safety (subsection [E]). But we don't know anything about how the district court may have analyzed whether any of the potential harms listed in subsections (B) through (F) were likely to arise from disclosure because other than telling us the conclusion—that it was "utilizing the discretion" provided by the statute—it gave no other information about how it had exercised its discretion. Instead, the district court appears to have simply decided that disclosure shall not be made whenever a law-enforcement agency objects, even though the statute clearly gives the court discretion to order disclosure in such cases.

If the court had taken testimony or otherwise assembled an evidentiary record so that it could rule on the merits of Green's disclosure request, it would have abused its discretion by failing actually to exercise that discretion and weigh the competing factors listed in the statute. See *State v. Horton*, 292 Kan. 437, 440, 254 P.3d 1264 (2011). Here, though, the district court didn't even get that far—there was no evidence before the court, so it had to accept Green's allegations as true. Green's petition had alleged, with factual support, that disclosure was in the public interest and the responding agencies hadn't offered an explanation as to how release of the records would interfere with their investigations. In these circumstances, the district court would have the discretion to order disclosure of these records after consideration of the factors set out in K.S.A. 2016 Supp. 45-221(a)(10). It abused its discretion by ruling without an evidentiary record and without weighing the statutory factors.

The district court's judgment is reversed, and this case is remanded to the district court for further proceedings.

5