NOT DESIGNATED FOR PUBLICATION

Nos. 121,700
121,701

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STARLIN J. WELCH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed August 28, 2020.
Affirmed in part, vacated in part, and remanded for further proceedings.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before ATCHESON, P.J., BRUNS and POWELL, JJ.

PER CURIAM: In these cases, Starlin J. Welch appeals following the district court's
revocation of his probation and imposition of his underlying sentences in two criminal
cases. On appeal, Welch contends that the district court abused its discretion by denying
his request for a modification of his sentences after he admitted to violating the terms of
his probation for the fifth time. Although we find that the district court appropriately
revoked Welch's probation, we find that certain statements made by the district court
constitute an abuse of discretion in determining whether to grant a modification of the

1

underlying sentences. Thus, we affirm the probation revocation, vacate the district court's denial of Welch's request to modify his sentences, and remand these matters so that the request for modification may be considered based on the specific circumstances presented in these cases.

FACTS

On February 22, 2018, Welch pled guilty to one count of possession of methamphetamine in Sedgwick County case No. 17 CR 2951 and one count of possession of methamphetamine in Sedgwick County case No. 18 CR 300. On April 6, 2018, consistent with a plea agreement entered into by Welch and the State, the district court imposed a 36-month prison sentence in each case and ordered the sentences to run consecutive. Nevertheless, as an act of grace, the district court placed Welch on probation for 18 months.

Unfortunately, within a matter of months, Welch began a series of probation violations that would ultimately result in the district court ordering him to serve his underlying sentences. On October 3, 2018, the district court revoked Welch's probation for failing to report to his intensive supervision officer (ISO) as directed, failing to attend drug and alcohol treatment, and failing to obey the law. In doing so, the district court imposed a three-day jail sanction and reinstated Welch's probation as required by K.S.A 2018 Supp. 22-3716(c)(1)(B).

The following month, on November 20, 2018, the district court sanctioned Welch for a second time due to his failure to report to his ISO as directed. This time, the district court ordered a 60-day sanction pursuant to K.S.A 2018 Supp. 22-3716(c)(1)(C). In addition, the district court modified Welch's probation terms to include an order to successfully complete a Community Corrections Residential Program.

2

Two months later, on January 31, 2019, the district court sanctioned Welch for a third time. On this occasion, Welch tested positive for the use of methamphetamine twice and was also found to be out of the place of his assignment twice. The district court ordered a 120-day prison sanction consistent with K.S.A 2018 Supp. 22-3716(c)(1)(C). The district court also extended and modified Welch's probation and ordered him to complete residential treatment with directions to immediately report to his ISO upon release.

Despite these repeated opportunities to comply with the terms of his probation, Welch failed to take advantage of the mercy shown to him by the district court. On March 6, 2019, the district court sanctioned Welch for a fourth time. On this occasion, Welch had violated the terms of his probation by failing to report to residential treatment or to his ISO as ordered. The district court ordered a 120-day prison sanction pursuant to K.S.A 2018 Supp. 22-3716(c)(1)(C).

Finally, on June 28, 2019, Welch admitted to violating the terms of his probation for a fifth time. In particular, he admitted to being out of his place of assignment at the residential treatment center on three occasions and by testing positive for synthetic marijuana on two occasions. As a result, the district court once again revoked Welch's probation. However, on this occasion, the district court ordered Welch to serve his underlying sentences and denied a request for modification of his sentences.

In reaching this decision, the district court found:

"[Y]ou have given us promises and you haven't been able to live up to those promises. In your sentencing you promised to not violate the terms of your probation, and I elicit that from everybody. I think the drugs are difficult for you. They are for a lot of people, and I am very sorry that you have that problem. I know people that have problems with drugs, but we don't have criminal problems like we see here.

3

"Drug treatment has been available for you, honestly, your entire life—it is for everybody—but for whatever reason it wasn't undertaken. I have to balance out my responsibility to society and my responsibility to you. I have hung in there with you for all of these violations trying to figure out a way to keep you moving forward with your life. And it's not that I have given up on you, because I haven't. However, my responsibility to society, which I have been putting on the back bar for all this time, now I have to finally live up to that obligation that I have to society, and say that revocation and imposition is the proper thing to do.

"We give people chances, some people we give more chances than others. I have never give[n] anybody more chances [than] I have given you to try to make good on your promises and to make good on your probation. I don't know if I should have revoked [and] imposed before, but I wanted you to have the chance to prove your medal and to take care of your business, and it just wasn't meant to be.

"When you are on probation you don't get to pick and choose. You either do what you are supposed to do. Or if you are not able to, and [it] might be that you are not able to, once again treatment is there for a lot of people. I have acquaintances and friends that have gone to treatment, and fortunately they have been able to escape the criminal system and the penal system because of that. Unfortunately, you didn't undertake it. I am not criticizing you for not undertaking it, but we are at a point now [where] it is not our responsibility, [at] this option, to see that you get treatment. Now, it is my responsibility to society to move forward with this.

"I understand the situation with your family. You probably wouldn't be surprised to hear that I hear that almost 100 percent of the time, please don't put [me] in prison because my family needs me. I think that's probably true, but when you get out, hopefully you will be clean, you will be able to stay clean, you will be the example that your kids need in life, and the man that they can be proud of when you get out. Things get very difficult for us, and unfortunately we weren't able to work a way through this together. But we all gave it [a] valid try, and I feel that I did everything possible to help you out.

4

"*I don't modify sentences when somebody violates.* [Defense counsel] is always very attentive to those request[s]. I don't think it would be appropriate, and I'm going to decline that invitation to modify your sentence." (Emphasis added.)

Nevertheless, Welch requested a modification of his sentences under K.S.A. 2018 Supp. 22-3716(c)(1)(E). In denying the request for a modification, the district court stated:

"First of all, I don't modify when a person has violated. I just don't think that the reward is correct.

"Secondly, when you enter into the plea agreement and you move forward with that, those types of things are taken into account of what's fair, what's right, some concessions [may be] that I will grant it at that time, it's looked at that time. There was a reason that Judge Wilbert ran them consecutive, and I try to go through to find those notes and I wasn't able to find anything. So I have to base it on when I run things consecutive and it's usually a function that there were other favorable things that may have been granted at that time. I don't think it's appropriate for a person to say, okay, I'm going to plead guilty to these things that I should go to prison for; however, give me probation. Then you are given probation, and if probation doesn't work out, then go back and try to renegotiate the sentence. I just don't think that's the right thing to do. Those negotiations took place up front.

"I'm not singling you out—I have singled you out for the benefit. I have given you a lot of things that I have never given other people. And once again, not giving up on you but society says this is the right thing to do. But I'm just at a point where a concession is not right for you, and I'm not singling you out. *I just wouldn't do it for anybody.*" (Emphasis added.)

Thereafter, Welch timely filed notices of appeal in each case. Because the cases involve common questions of law relating to his request for a modification of his underlying sentences, we consolidated them for the purposes of appeal.

ANALYSIS

On appeal, Welch does not contest the validity of the violations of the terms of his probation or the district court's discretion to revoke his probation, and we find that the district court appropriately exercised its discretion in revoking Welch's probation. In his brief, Welch focuses on the district court's denial of his request for a modification of his underlying sentences. Although we appreciate the remarkable patience shown by the district court in continuing to order that Welch complete drug treatment notwithstanding his numerous probation violations, we conclude that the district court abused its discretion in repeatedly stating that it never modifies a sentence when a defendant's probation is revoked.

Where intermediate sanctions have already been imposed, K.S.A. 2018 Supp. 22-3716(c)(1)(E) grants district courts the option to either require the defendant to serve "the sentence imposed, or any lesser sentence." We review the district court's decision of whether to impose a lesser sentence under an abuse of discretion standard. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion—in this case Welch—bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Here, Welch argues that the district court abused its discretion when the district court made a "'blanket ruling'" indicating an unwillingness to ever exercise the option to modify a sentence as allowed by K.S.A. 2018 Supp. 22-3716(c)(1)(E). In support of his argument, Welch highlights three particular statements made by the district court at the probation revocation hearing:

- "I don't modify sentences when somebody violates."
- "I don't modify when a person has violated."
- "I'm not singling you out. I just wouldn't do it for anybody."

Citing to *State v. Stewart*, 306 Kan. 237, 261-63, 393 P.3d 1031 (2017), Welch argues that the statements made by the district court at the probation revocation hearing constitute the type of "'blanket ruling'" that have been found to be an abuse of discretion. In *Stewart*, the Kansas Supreme Court found that "[o]ne way in which a defendant can demonstrate the existence of an abuse of discretion is to show that the district court failed to exercise its discretion, either because it refused to do so or because it failed to discern that it was being called upon to exercise discretion." 306 Kan. at 262. In addition, *Stewart* cautions judges not to issue a "'blanket ruling'" that automatically disposes of discretionary issues. 306 Kan. at 262 (citing *State v. Horton*, 292 Kan. 437, 440, 254 P.3d 1264 [(2011]).

In light of the district court's three references to never modifying a sentence after a defendant's probation is revoked even though it is allowed under K.S.A. 2018 Supp. 22-3716(c)(1)(E), we find that it failed to exercise its discretion in denying Welch's request for modification of his sentences. We find that the district court's repeated statements about not granting modifications following a probation revocation suggest an arbitrary rule disposing of this issue the same way in all cases without any individualized consideration. Even if a proper individualized consideration ultimately leads to the same outcome in a given case, a district court's governing criterion regarding requests for sentence modification cannot be one size fits all.

Had the district court made only one statement in passing that it normally does not grant sentence modifications, we may have found it to be harmless in light of the other thoughtful comments made by the district court at the revocation hearing. However, the statement was repeated multiple times at Welch's probation revocation hearing. Given

7

these repeated references, we do not find the error to be harmless under the circumstances presented in this case.

On remand, the district court should consider Welch's request for modification of his underlying sentences based on the merits—or lack thereof—in these particular cases. Where there is a request for modification under K.S.A. 2018 Supp. 22-3716(c)(1)(E), the decision whether to impose the original sentence or a lesser sentence is to be made on an individual basis. Here, we do not take a position regarding how the district court should ultimately rule on this issue so long as the determination is made based on the unique circumstances presented in these cases as opposed to a general or blanket rule. Accordingly, we affirm the revocation of Welch's probation, we vacate the order denying his request for modification of his underlying sentences, and we remand for further proceedings consistent with this opinion.

Affirmed in part, vacated in part, and remanded for further proceedings.