NOT DESIGNATED FOR PUBLICATION

No. 123,984

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT EUGENE MOORE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed May 13, 2022. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., CLINE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Robert Eugene Moore appeals the decision of the Johnson County District Court to impose an upward durational departure after finding substantial and compelling reasons existed to grant the departure. This is Moore's third appeal of his departure sentence. In his first appeal, another panel of this court vacated Moore's sentence and remanded because the district court failed to make a finding on the record of substantial and compelling reasons to depart. On remand, the district court resentenced Moore. He appealed, but there was a discrepancy in the record causing both parties to agree to another sentencing hearing. On remand, the district court properly considered the

1

nonstatutory factor found by the jury and determined substantial and compelling reasons existed to depart based on the trial record. We therefore affirm his sentence.

*Moore's prior appeals*

A panel of the Court of Appeals summarized the facts of the convictions in Moore's first appeal. *State v. Moore*, No. 109,553, 2015 WL 1310046, at *1 (Kan. App. 2015) (unpublished opinion). Moore does not challenge the sufficiency of the evidence supporting the aggravated factor in granting his departure, so reiteration of the facts is not essential to the analysis of his issue. But to put it concisely, a jury convicted Moore of nine crimes in July 2012 for his acts over four hours one December 2010 evening. After convicting Moore, the jury considered whether the State proved a nonstatutory aggravating factor justifying an upward departure of his presumptive sentences.

In support of the aggravating factor—"future dangerousness"—the State argued Moore had performed poorly on parole. The jury found, beyond a reasonable doubt, the evidence supported the aggravating factor, and at sentencing the district court granted the upward durational departure. The district court imposed a controlling term of 432 months' imprisonment. Moore appealed. As for the upward departure, the panel determined the factor was properly considered by the jury and rejected Moore's constitutional challenges. 2015 WL 1310046, at *11. In reviewing the sentencing transcript, however, the panel agreed with Moore that the district court did not state its finding of substantial and compelling reasons to depart on the record at the time of sentencing. The panel determined that although the sentencing court agreed with the jury's finding, it may have denied the departure absent substantial and compelling reasons to grant the departure. And, so, the sentencing court did not fulfill its duty to make those findings, and the panel vacated Moore's sentence and remanded for the district court to determine whether the departure was appropriate. If it was, then the panel directed the sentencing court to make those findings on the record. 2015 WL 1310046, at *14.

On remand in 2016, the district court resentenced Moore. He again appealed, but since an accurate transcript of the resentencing hearing was unavailable, the parties jointly moved to vacate the sentence and remand for another sentencing hearing.

At the district court, Moore moved to depart from the 432-month sentence to the presumptive sentence of 194 months. The district court held a resentencing hearing on January 29, 2021. Based on the presentence investigation report, the district court determined Moore's criminal history score was A and his primary offense of aggravated burglary was a severity level 5 person felony.

In support of his argument that the presumptive sentence was the appropriate sentence, Moore argued that if the district court imposed the presumptive sentence, he would still serve 16 years in prison. He also argued had spent the last 10 years in custody with few violations or very minor issues. According to Moore, his record in custody only included a single violation for stealing a dollar's worth of cinnamon rolls. In support of his argument, he also compared the duration of his departure sentence to other presumptive sentences for crimes more egregious than his underlying convictions.

After hearing the State's argument to defer to the original sentence, the district court stated:

> "Well, this is a tough case. And honestly, you know, Mr. Moore, you look like you're a lot different than you were even the last time I saw you. I am sure you were a lot different than when Judge Davis sentenced you. I am sure you are a changed man, and I take no joy or any satisfaction in having to sentence you in this case now 10 years later from the time that the crimes were committed.
>
> "But I reviewed the jury trial. I reviewed—I know the facts of the case. Those very facts were placed in front of a jury, and the jury found by beyond a reasonable doubt that there were aggravating circumstances here and that jury found that Mr. Moore—

there was an element of future dangerousness. I can't really go back and . . . overturn what the jury has found in terms of the aggravating factor here.

"And then I really can't—because I didn't hear the—I didn't hear the case. All I have done is read the record, and I read the preliminary hearing and the evidence was all consistent. It was—I kind of related at the last hearing that this is the kind of crime or this kind of crime spree is the kind of thing that just makes everyone unsettled. That somebody could actually—and I know as you are sitting there today, you are a different man today, but when you committed these crimes, this was probably a very terrorizing event in that neighborhood out there in DeSoto and Lenexa where this all occurred.

". . . [W]hen I read the transcript, I have to find there are substantial and compelling reasons here to depart for the—from the sentencing guidelines and to impose a departure sentence in this case. Again, I take no satisfaction from doing this, but I think I have to honor what Judge Davis did in terms of what he felt the appropriate sentence was in this case and that that sentence was appropriate.

"Frankly, I think even the Court of Appeals in its opinion when it sent it back here for this Court to resentence had no qualms with the sentence other than there was not an on-the-record finding of substantial and compelling reasons. So I don't think I am going to—well, I am not going to change what I did at the last time. I imagine that—I apologize that your case wasn't able to go on forward to an appeal based on the record that we did the last hearing in this case, but I'm going to impose the same sentence that I did at the last hearing."

In imposing the sentence, the district court addressed counts 1, 2, 3, 4, 6, and 11, and found substantial and compelling reasons to depart upward from the presumptive sentences for each conviction and imposed a sentence double the presumptive sentences. The district court ordered each sentence to be served consecutively for a total term of imprisonment of 432 months. In imposing the sentence for count 12, theft, the district court found substantial and compelling reasons to depart from the mid-number of the presumptive sentence and imposed a sentence of 12 months to be served concurrently with the other sentences. Finally, the district court sentenced Moore to six months for his misdemeanor conviction, ran that sentence concurrent with the other sentences, and reimposed the original restitution amount.

*The district court did not err in resentencing Moore.*

Moore argues the district court abused its discretion when it "deferred" to the original sentencing decision rather than consider his arguments in support of a presumptive sentence. He asks us to vacate his sentence and remand for resentencing.

*Standard of review*

Sentencing courts are required to impose a presumptive sentence under the sentencing guidelines. See K.S.A. 2020 Supp. 21-6815(a). That is, unless the sentencing court finds substantial and compelling reasons to impose a departure sentence. *State v. Bird*, 298 Kan. 393, 397, 312 P.3d 1265 (2013). Within the context of departure sentences, "substantial" means the reason "must be real, not imagined, and of substance, not ephemeral." *State v. Blackmon*, 285 Kan. 719, 724, 176 P.3d 160 (2008). A "compelling" reason "forces the court, by the facts of the case, to abandon the status quo and to venture beyond the sentence" that would be ordinarily imposed. 285 Kan. at 724.

The sentencing court relied on a nonstatutory factor to impose the upward departure: Moore's future dangerousness. See *Bird*, 298 Kan. at 398-99 (courts may consider nonstatutory factors "as long as the factors are consistent with the principles underlying the [revised Kansas Sentencing Guidelines Act]"). Our Supreme Court recently clarified that a three-step inquiry applies in evaluating a departure sentence based on a nonstatutory factor:

> "(1) whether the determination of a nonstatutory factor was guided by an erroneous legal conclusion; (2) whether substantial competent evidence supported the factual finding that the factor existed, i.e., an error of fact; and (3) whether a reasonable person would have taken the view adopted by the sentencing court. And it is important to emphasize that only the first step involves a legal question, subject to unlimited review." *State v. Morley*, 312 Kan. 702, 711, 479 P.3d 928 (2021).

The party asserting the error—Moore in this case—bears the burden of proving the district court abused its discretion in its departure decision. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

*Discussion*

Moore contends the district court erroneously deferred to the original sentencing decision in granting the upward departure. The State, however, argues the record shows the district court exercised its discretion in making its decision and a reasonable judge would also defer to the original sentence and the finding made by the jury that an aggravated factor existed.

As the Court of Appeals panel held in the first appeal, a defendant's future dangerousness is a proper nonstatutory factor a fact-finder may consider in the penalty phase of a criminal case. *Moore*, 2015 WL 1310046, at *14. Our Supreme Court has also upheld that nonstatutory factor to support an upward durational departure. See *State v. Yardley*, 267 Kan. 37, 43-44, 978 P.2d 886 (1999). In *Yardley*, the district court found the defendant's threatening behavior made him a threat to society, which included his behavior during trial. After finding the record supported that finding, the Supreme Court concluded that future dangerousness may constitute a factor for an upward departure. 267 Kan. at 44. Following *Yardley*, the Court of Appeals has upheld departures based on that aggravating factor as well. See *State v. Cox*, No. 112,711, 2016 WL 3655869, at *15-16 (Kan. App. 2016) (unpublished opinion) (finding of defendant's future dangerousness was substantial and compelling reason to depart); *State v. Lornes*, No. 103,031, 2011 WL 4716338, at *3-4 (Kan. App. 2011) (unpublished opinion) (finding defendant committing attempted robbery while on supervision demonstrated a clear danger to public warranting upward departure to prison from probation); *State v. Conner*, No. 103,215, 2010 WL 5185795, at *3 (Kan. App. 2010) (unpublished opinion) (affirming upward departure based on district court's finding that defendant was risk to community based on his acts

6

during a shootout); *State v. Vazquez*, No. 89,895, 2004 WL 90062, at *4 (Kan. App. 2004) (unpublished opinion) (upholding district court's finding that defendant's future dangerousness as a substantial and compelling reason to grant upward departure). And considering a criminal defendant's future dangerousness is consistent with the purposes of the revised Kansas Sentencing Guidelines. See *State v. Montgomery*, 314 Kan. 33, 38-39, 494 P.3d 147 (2021) (listing cases recognizing nonstatutory factors consistent with the guidelines). In sum, that nonstatutory factor was not legally erroneous.

Because it was not an error as a matter of law to consider Moore's future dangerousness as a nonstatutory factor, the second consideration is whether the record supported the jury's finding. Since Moore does not challenge the sufficiency of the evidence supporting the jury's finding in this appeal, he has waived and abandoned that argument. See *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019) (issues not briefed are waived or abandoned). Even so, the Court of Appeals discussed the State's evidence supporting the factor:

"• Moore was released from prison on November 22, 2005, after having served a sentence for convictions of robbery and drug possession. After his release, Moore violated his parole by failing to report and by using marijuana. After a diversion was granted, Moore continued to fail to report to his parole officer and he was again placed on diversion. A third violation occurred when Moore failed to comply with GPS curfew requirements. Moore was arrested, his parole was revoked, and he was incarcerated. Upon his release, he absconded and his parole officer learned that he was facing charges for criminal possession of a firearm. Moore was arrested by federal authorities for the firearm case.

"• Moore was convicted in federal court of criminal possession of a firearm. After his release from prison in January 2010, he was arrested for driving under the influence and placed on house arrest. He was removed from house arrest in July 2010, but 1 month later he tested positive for use of K2. Moore missed counseling sessions and drug tests. There was an allegation made that he had assaulted the mother of one of his children. Moore was then placed in a halfway house in September 2010. On October 5,

7

2010, Moore left the halfway house without permission and failed to return. A warrant was issued for his arrest." *Moore*, 2015 WL 1310046, at *11.

Based on the panel's recitation of the evidence, it is clear that substantial competent evidence supported the jury's finding of future dangerousness. The issue, then, turns on whether the district court acted reasonably when it concluded the single factor was a substantial and compelling reason to depart from the presumptive sentences.

Moore asserts several ways in which the district court's decision was unreasonable. He argues the district court "failed to exercise" its independent discretion because the district court did not consider his circumstances and the facts he argued at the hearing; the district court misstated the law; and the district court imposed a sentence much longer than courts have imposed in other cases.

As to Moore's first argument, the State contends the district court's deference to the jury's finding and the original sentence was not improper. A district court abuses its discretion by either refusing to exercise discretion or by failing to discern that it has been "called upon to exercise discretion." *State v. Stewart*, 306 Kan. 237, 262, 393 P.3d 1031 (2017). But Moore appears to read the district court's pronouncement out of context. While acknowledging that Moore has made changes for the better, the district court also stated it read the record in making its decision. Reading the district court's pronouncement as a whole reveals the district court relied on the same record the original sentencing court relied on and reached the same conclusion. Consequently, Moore's argument is unpersuasive. Cf. *State v. Horton*, 292 Kan. 437, 440, 254 P.3d 1264 (2011) (holding district court abused its discretion in refusing to hear and weigh evidence to determine whether a party may reopen its evidentiary presentation).

Next, Moore appears to argue the district court misstated the law because it concluded it could not overturn the jury's finding that the aggravating factor existed. But

8

as the Supreme Court restated in *Morley*, a jury's factual finding withstands scrutiny if the finding was supported by substantial competent evidence. 312 Kan. at 711. And before directing the sentencing court to complete the final step of its departure analysis, the panel in the prior appeal found the sentencing court may have denied the departure while also agreeing with the jury's finding of future dangerousness. *Moore*, 2015 WL 1310046, at *14. On remand, the district court agreed with the jury's finding and then completed the final step in the analysis as directed by the panel. Particularly, the district court pointed to what was likely a "terrorizing event" resulting from a "crime spree" and concluded that after reading the transcript, there were "substantial and compelling reasons here to depart . . . from the sentencing guidelines and to impose a departure sentence in this case." The record reveals the district court followed the directions by the panel and sufficiently adhered to the law before imposing the upward departure sentence.

Moore also argues the district court failed to consider his good behavior while incarcerated. He says it was an abuse of discretion not to consider his arguments for a presumptive sentence. The State counters that Moore misstates the findings by the district court and argues Moore relies on prison records that are not to be relied on by courts in making factual findings. See *State v. Yazell*, 311 Kan. 625, 631, 465 P.3d 1147 (2020).

As far as his argument can be characterized as a challenge to the adequacy of the district court's findings, Moore needed to object to the district court's findings and conclusions arrived by the court based on those findings. See *State v. Herbel*, 296 Kan. 1101, 1119, 299 P.3d 292 (2013). He did not object, so we presume the district court found all facts necessary to support its decision. See *State v. Jones*, 306 Kan. 948, 959, 398 P.3d 856 (2017). That said, Moore appears to challenge the district court's weighing of the facts—the jury's finding versus Moore's good behavior while incarcerated. Appellate courts do not reweigh evidence, make credibility determinations, or resolve conflicting evidence. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

From the record it is clear the district court considered the facts and the jury's finding to conclude there were substantial and compelling reasons to depart. In doing so, the district court complied with the requirement that it make findings supporting its reasons for the departure on the record. See K.S.A. 2020 Supp. 21-6815(a) (district court required to "'state on the record at the time of sentencing the substantial and compelling reasons for the departure'"); *Blackmon*, 285 Kan. at 729. For those reasons, the district court made a reasoned decision to reimpose the upward departure according to the applicable law.

Finally, Moore contends that his sentence was disproportionate compared to sentences imposed in cases involving more egregious crimes. Moore specifically compares his sentence to two cases that involve second-degree murder convictions. Moore cites *State v. Queen*, 313 Kan. 12, 15, 482 P.3d 1117 (2021), and *State v. Suiter*, No. 120,990, 2020 WL 7409945, at *1-2 (Kan. App. 2020) (unpublished opinion), *rev. denied* 315 Kan. __ (March 21, 2022), to support his argument. Neither case involves a departure nor any indication of why the district court imposed the sentence it did. If we considered the comparison at face value, Moore's argument may be persuasive. But the fundamental nature of an upward departure sentence is that the case presents circumstances atypical or even extraordinary—facts that persuade the court to depart from "'the status quo and to venture beyond the sentence'" that it would ordinarily impose. See *Bird*, 298 Kan. at 397. The cases Moore cites in his brief are too distinguishable to compare with the facts of this case.

But in a case involving similar convictions and an upward departure based on a jury's finding of aggravating factors, a district court imposed a controlling prison sentence of 391 months in *State v. Grasle*, No. 116,209, 2018 WL 4517001, at *4 (Kan. App. 2018) (unpublished opinion). In that case, the defendant was convicted of aggravated robbery, aggravated burglary, and fleeing or attempting to elude an officer. The defendant's acts in that case did not escalate to physical violence, yet the sentencing

court imposed a departure sentence significantly longer than the cases cited by Moore. Moore may not have inflicted serious physical harm, but the district court's finding of substantial and compelling reasons to depart was not unreasonable given Moore's past conduct on supervised release and given his acts and resulting convictions. To conclude, the district court's decision to impose the upward departure was not unreasonable, based on an error of law, or otherwise based on a factual error. See *State v. McLinn*, 307 Kan. 307, 332, 409 P.3d 1 (2018). We affirm Moore's sentence.

Affirmed.