NOT DESIGNATED FOR PUBLICATION

No. 124,540

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AUGUST WELLINGTON JACKSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed January 13, 2023. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before CLINE, P.J., ATCHESON and COBLE, JJ.

PER CURIAM: After Defendant August Jackson pleaded guilty to failing to comply with the Kansas Offender Registration Act (KORA) while on postrelease supervision for an earlier conviction, the Shawnee County District Court ordered that he serve his sentence on the KORA offense consecutive to any punishment he might receive for violating the conditions of his postrelease supervision. Jackson has appealed and argues we must remand for resentencing because the prosecutor incorrectly told the district court a consecutive sentence was mandatory and the district court did not understand it had the discretion to reject a consecutive sentence if it would result in a manifest injustice. The transcript of the sentencing hearing largely supports the factual premises of Jackson's

1

argument. But, as we explain, the district court's denial of his motion for either a durational or dispositional departure sentence ineluctably demonstrates the district court would not have found a manifest injustice and would not have imposed a concurrent sentence for that reason. Any errors were legally harmless, so we affirm the district court.

Pursuant to an agreement with the State, Jackson pleaded guilty in August 2021 to one count of failing to timely register under KORA, a severity level 6 person felony violation of K.S.A. 2021 Supp. 22-4903(a). See K.S.A. 2021 Supp. 22-4905(b) (registration requirements for sex offenders). When he failed to register, Jackson was on lifetime postrelease supervision for a felony sex offense—the crime that required him to comply with KORA. The facts underlying the KORA violation and the precedent sex offense are irrelevant to this appeal.

Based on his criminal history, Jackson faced a presumptive guidelines sentence of between 32 and 36 months in prison for the KORA conviction in this case. Consistent with the plea agreement, Jackson was free to argue for any lawful sentence, including a dispositional departure to probation. Because the KORA conviction violated the conditions of Jackson's postrelease supervision on the earlier sex conviction, the Prisoner Review Board had the authority to impose a prison sanction on him in that case. K.S.A. 75-5217(c).

A person who commits a felony while on postrelease supervision "shall serve the sentence [for that felony] consecutively to" any sanction for violating the conditions of postrelease supervision. K.S.A. 2021 Supp. 21-6606(c). That's considered a special sentencing rule mandating consecutive sentences, and it applied to Jackson. But the special rule has an exception:  The district court should not impose a consecutive sentence under K.S.A. 2021 Supp. 21-6606(c) if it "would result in a manifest injustice." K.S.A. 2021 Supp. 21-6819(a).

2

At the sentencing hearing in October 2021, the prosecutor told the district court she "believed" the sentence imposed on Jackson "must run consecutive" to his earlier sex conviction. The prosecutor presumably relied on the special rule from K.S.A. 2021 Supp. 21-6606(c) in making that representation. But she did not mention the exception in K.S.A. 2021 Supp. 21-6819(a). Jackson asked the district court to consider a dispositional departure to probation or, alternatively, a durational departure to a shorter term of imprisonment. Both Jackson's lawyer and he personally made evocative and extended arguments to the district court for probation or a reduced sentence. The lawyer focused on Jackson's mental health and substance abuse issues and Jackson's efforts to overcome those problems. Jackson expressed his acceptance of responsibility for his failings and professed a desire to do better. Neither Jackson nor his lawyer, however, referred to the manifest injustice exception to consecutive sentences in K.S.A. 2021 Supp. 21-6819(a). The district court imposed a 32-month sentence on Jackson, the low presumptive guidelines sentence, and stated, "It would have to run consecutive to [the earlier case]."

On appeal, Jackson submits the prosecutor erred in telling the district court his sentence in this case "must be consecutive" to his earlier case and, in turn, the district court abused its discretion in failing to consider the manifest injustice exception. According to Jackson, the confluence of those mistakes entitles him to a new sentencing hearing. As we have indicated, we disagree with Jackson's ultimate conclusion.

Prosecutors have a duty to fairly state the law and the facts. See *State v. Tahah*, 302 Kan. 783, 791, 358 P.3d 819 (2015). The failure to do so amounts to error. *State v. Watson*, 313 Kan. 170, 179, 484 P.3d 877 (2021). Although we commonly deal with prosecutorial error in closing arguments to juries, the rule applies to statements a prosecutor addresses directly to the district court. More generally, prosecutors—as representatives of the State in criminal cases—have a paramount duty to see that justice is done, rather than simply securing convictions or maximum sentences. *State v. Pabst*, 268 Kan. 501, Syl. ¶ 6, 996 P.2d 321 (2000) (overarching "interest" of State, and its legal

3

representative, in criminal prosecution "is not that it shall win a case, but that justice shall be done"); see *Tahah*, 302 Kan. at 791.

In its brief to us, the State argues that the prosecutor had no obligation to identify the manifest injustice exception in K.S.A. 2021 Supp. 21-6819(a). But the argument relies on too generic a proposition and disregards the context here. When a prosecutor outlines what the State believes would be a fair sentence for a defendant in a particular case, he or she need not comment on a legal exception that might require a lesser punishment. The prosecutor would be informing the district court of the State's preferred (and entirely lawful) punishment; that falls within the realm of advocacy. But if a prosecutor purports to describe to the district court the legal parameters constraining its authority in sentencing, then he or she has an obligation to disclose plainly applicable exceptions to a general statutory rule. That is a matter of candor in accurately representing the governing legal principles to the tribunal; and the duty may not be circumscribed or shirked.

The tenor of the prosecutor's comment here looks to be one of informing the district court of the scope of the law and, therefore, was materially incomplete and inaccurate. We do not (and really cannot from this record) ascribe some reason for the inaccuracy. The prosecutor may well have been uninformed or careless as opposed to deceptive and manipulative. But the representation is no less an error because the prosecutor acted inadvertently.

But our recognition of likely prosecutorial error gets Jackson only so far. A prosecutor's misstatement of the law is not a structural error requiring relief without regard to any demonstrable prejudice. Rather, we may find the error harmless if we are persuaded beyond a reasonable doubt it did not affect the outcome of the proceeding. *State v. Sherman*, 305 Kan. 88, 109, 378 P.3d 1060 (2016). We turn to Jackson's argument the district court abused its discretion by imposing a consecutive sentence in

4

this case before we assess the legal impact of either claimed error because our assessment applies to and disposes of both.

A district court may be said to have abused its discretion if the result it reaches is "arbitrary, fanciful, or unreasonable." *Unruh v. Purina Mills*, 289 Kan. 1185, 1202, 221 P.3d 1130 (2009). That is, no reasonable judicial officer would have come to the same conclusion if presented with the same record evidence. An abuse of discretion may also occur if the district court fails to consider or to properly apply controlling legal standards. *State v. Woodward*, 288 Kan. 297, 299, 202 P.3d 15 (2009). A district court errs in that way when its decision "'goes outside the framework of or fails to properly consider statutory limitations or legal standards.'" 288 Kan. at 299 (quoting *State v. Shopteese*, 283 Kan. 331, 340, 153 P.3d 1208 [2007]). Finally, a district court may abuse its discretion if a factual predicate necessary for the challenged judicial decision lacks substantial support in the record. *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019) (outlining all three bases for an abuse of discretion); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). As the party asserting an abuse of judicial discretion, Jackson bears the burden of proving the point. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

A district court effectively abuses its discretion either by failing to recognize the judicial discretion it has or by declining to exercise that discretion. *State v. Stewart*, 306 Kan. 237, 262, 393 P.3d 1031 (2017); *State v. Busby*, No. 124,219, 2022 WL 983273, at *2 (Kan. App. 2022) (unpublished opinion). When that happens, the district court acts outside the appropriate legal framework. Thus, "[i]t is an abuse of discretion for a district court to issue a 'blanket ruling' that disposes of a discretionary determination automatically without analyzing the factors that would enter into the discretionary decision." *State v. Horton*, 292 Kan. 437, 440, 254 P.3d 1264 (2011).

5

The sentencing hearing transcript strongly suggests the district court did not appreciate the discretionary authority conferred under the manifest injustice exception. The district court's short explanation of its decision seemed to characterize a consecutive sentence as the only legally permissible option. As we have outlined, neither lawyer mentioned the exception in K.S.A. 2021 Supp. 21-6819(a) while arguing to the district court during the sentencing hearing. And the district court did not explicitly consider and reject the exception. We, therefore, presume the district court did not take full account of the applicable legal principles and, in turn, abused its discretion in imposing a consecutive sentence on Jackson.

But, as with prosecutorial error, an abuse of judicial discretion typically does not create structural error and, rather, requires a demonstrable showing of some actual prejudice to warrant relief. So, a harmless error rule governs most issues entrusted to a district court's judicial discretion. See *State v. Broxton*, 311 Kan. 357, 366, 461 P.3d 54 (2020); *State v. Dupree*, 304 Kan. 377, 402, 373 P.3d 811 (2016); *State v. Bliss*, 61 Kan. App. 2d 76, 86, 498 P.3d 1220 (2021). This is one of them.

Nonetheless, in considering a district court's abuse of discretion in sentencing based on a misunderstanding of the governing legal principles, we should reverse and remand for resentencing in all but the most unusual circumstances. To affirm in the run of those cases, we would be effectively substituting *our* collective discretion for the district court's legally appropriate exercise of discretion in the first instance. See *State v. Brown*, No. 117,794, 2018 WL 4033194, at *3 (Kan. App. 2018) (unpublished opinion); see, e.g., *Busby*, 2022 WL 983273, at *3 (case remanded for new hearing when district court failed to exercise its independent discretion in considering request for parole on multiple misdemeanor sentences); *State v. Welch*, No. 121,700, 2020 WL 5083324, at *4 (Kan. App. 2020) (unpublished opinion) (case remanded for resentencing on probation revocation when district court rejected defendant's request for sentence modification

based on its blanket practice in denying such requests rather than on discretionary review of case-specific facts).

Here, however, we have unusual circumstances under which we can readily and reliably assess how the district court would have ruled on the manifest injustice exception had the parties raised the point. First, the appellate courts have recognized that a manifest injustice entails an occurrence that is "obviously unfair" or "shocking to the conscience." See *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021); *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). Almost needless to say, that's an exceptionally high bar to clear.

Second, here, the district court knew it had the broad discretion to depart from the guidelines to grant Jackson probation or to impose a shortened term of imprisonment for any "substantial and compelling" reason under K.S.A. 2021 Supp. 21-6815(a). A reason to depart is substantial if it is "real" rather than "ephemeral"; and it is compelling if the case-specific facts "force" the district court "to abandon the status quo" of the sentencing guidelines. *State v. Morley*, 312 Kan. 702, Syl. ¶¶ 3-4, 479 P.3d 928 (2021). The district court found the reasons Jackson and his lawyer advanced for either a dispositional or durational departure to be something less than substantial and compelling, so it denied their request.

The burden on a defendant to establish some basis for a departure sentence is demonstrably less formidable than the burden in establishing a manifest injustice triggering the statutory exception to consecutive sentences. Nobody contends the district court abused its discretion in denying Jackson a dispositional or durational departure. That is, the district court appropriately exercised its legal authority to do so. Accordingly, had the district court considered whether Jackson's reasons for leniency rose to the level of manifest injustice—a more demanding test—it necessarily would have found they did not. *A fortiori*, a party who fails to satisfy a given legal standard for relief cannot possibly

7

satisfy a stiffer standard for comparable relief. A district court's decision otherwise would be devoid of logic and reason, and we will not abstractly impute such obviously deficient decision-making to reverse a ruling where nothing in the record would support our doing so. Jackson's failure to secure a departure sentence from the district court plainly establishes the district court could not and would not have found a manifest injustice. In turn, Jackson has shown no prejudicial error in his sentencing.

Affirmed.