NOT DESIGNATED FOR PUBLICATION

Nos. 123,629
123,630

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENNIS EARL THOMAS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed December 10, 2021. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM:  In this timely consolidated appeal, Dennis Earl Thomas Jr. challenges the district court's decision to revoke his probation and impose his full underlying prison sentences in two cases. Based on our comprehensive review of the record, we find no error in the district court's decision. Accordingly, we affirm.

1

In 17CR3495, Thomas pled guilty to one count of aggravated escape from custody for acts committed in October 2017. He was sentenced to 15 months' imprisonment, suspended to 18 months' supervised probation. Approximately 10 days after his sentencing, a probation violation warrant was issued, alleging the commission of new crimes. These new offenses resulted in Thomas' convictions in 18CR758, wherein he pled guilty to burglary, aggravated assault, aggravated battery, criminal threat, and theft for acts committed in March 2018.

Four days after he entered his pleas in 18CR758, a probation violation warrant was issued in that case, alleging Thomas entered into the exclusionary area near the victim, with whom he was to have no contact. The district court addressed the probation violations in 17CR3495 at the time of sentencing in 18CR758. Thomas admitted to the violations alleged in the warrants. The district court revoked and reinstated Thomas' probation in 17CR3495, extending it by 12 months. In 18CR758, the district court sentenced Thomas to 58 months' imprisonment and then granted his dispositional motion to 24 months' supervised probation with community corrections, consecutive to his sentence in 17CR3495.

Thomas' performance on probation did not improve. Eight days after Thomas' sentencing in 18CR758, the State filed another probation violation warrant, alleging Thomas committed five new violations. However, at the evidentiary hearing, the State proceeded on only two of the allegations—Thomas had contact with the victim in 18CR758 and failed to report to his probation supervisor. Thomas admitted to the violations, and the district court revoked and reinstated his probation, extending it by 18 months in 17CR3495 and 24 months in 18CR758. The district court also ordered Thomas to serve a three-day jail sanction.

Three months later, two more probation violation warrants were issued detailing his violations. Thomas admitted to the violations in both warrants. The district court again revoked and reinstated his probation, ordering Thomas be placed in the residential work release facility.

The State subsequently alleged Thomas committed multiple new violations, including failure to follow staff instructions, and committed a new offense of aggravated escape from custody by leaving the facility without permission; his whereabouts were unknown. The district court conducted a hearing on the allegations.

Nickolaus Karim, a corrections officer at the residential facility, testified on behalf of the State. Karim was aware Thomas had been placed at the facility as a condition of probation in 18CR758. On November 16, 2019, Karim told Thomas he was under 24-hour bunk restriction due to a disciplinary report the prior day and needed to return to his bunk area. When Karim later went to check on Thomas, he was not at his bunk. Karim checked the recordings from the facility's video cameras and saw Thomas left the facility without permission. As of the date of the hearing—October 23, 2020—Thomas had not returned to the facility.

The State rested without calling any other witnesses; Thomas did not present any evidence. During closing statements, Thomas argued the State failed to prove he committed the new crime of aggravated escape from custody because it did not prove he had been placed at the residential facility under court order. The district court questioned whether it could simply take judicial notice of its own files without request from the parties. Thomas objected because the State had not made the request before resting. The State requested to reopen its case. Over Thomas' objection, the district court allowed the State to reopen its case. The State then asked the district court to take judicial notice of the journal entry reflecting Thomas was under court-ordered placement in the residential facility. The district court took judicial notice based on the State's request but, in its

ruling, noted it really did not need a request from the parties because it could take judicial notice of its own files. See K.S.A. 60-409(a).

The district court held there was "no dispute . . . [Thomas] received a disciplinary report for 'not following staff instructions,' and the Court finds the State has met its burden of proof on that." The district court further found the State met its burden to prove Thomas committed the new offense of aggravated escape from custody. Accordingly, the district court found Thomas committed two violations of the terms of his probation. The district court set disposition for another day.

At the dispositional hearing, Thomas requested the district court extend his probation or impose a modified term of imprisonment. The district court denied Thomas' request and ordered him to serve his full underlying prison sentences in both cases.

ANALYSIS

Thomas argues there was insufficient evidence to show he violated the terms of his probation. The State must prove a violation by a preponderance of the evidence; once established, the district court may revoke probation in its discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

Thomas' argument fails for two reasons. First, Thomas fails to address the district court's finding he violated the terms of his probation by not following staff instructions. An issue not briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). As previous panels of this court have held, a single violation of the defendant's terms of probation may be sufficient to revoke probation. *State v. Hester*, No. 110,453, 2014 WL 4231254, at *3 (Kan. App. 2014) (unpublished opinion); *State v. Broyer*, No. 96,922, 2008 WL 440578, at *1 (Kan. App. 2008) (unpublished opinion).

4

Second, Thomas' complaint on appeal primarily lies in the district court allowing the State to reopen its case so the district court could take judicial notice of its prior journal entry assigning Thomas to the residential facility. A district court's decision to allow a party to reopen its case is reviewed for an abuse of discretion. *State v. Horton*, 292 Kan. 437, 438-39, 254 P.3d 1264 (2011). Thomas fails to argue or explain how the district court's decision was an abuse of discretion. Accordingly, Thomas has waived his argument due to improper briefing. See *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019). In fact, Thomas acknowledges the district court could take judicial notice of its own files without request from the parties, and the failure by a party to request the court take judicial notice would not preclude the district court from subsequently doing so. See K.S.A. 60-409(b)(4); K.S.A. 60-412(a). Thus, we find no error in the district court's determination to allow the State to reopen its case and its finding that Thomas violated the conditions of probation.

Thomas further argues, even if he violated the terms of his probation, the district court abused its discretion in revoking his probation and ordering him to serve his underlying prison sentences. We disagree.

Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Thomas bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Under the law in effect at the time Thomas committed his crimes, the district court's discretion to revoke probation was limited by the graduated intermediate sanctions it was required to impose before revoking an offender's probation. K.S.A. 2017 Supp. 22-

5

3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke probation without imposing sanctions if "the offender commits a new felony or misdemeanor while the offender is on probation . . . ." K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Thomas identifies no error of fact or law underlying the district court's decision. He also fails to show no reasonable person would have taken the same position as the district court. The district court found Thomas committed a new crime while on probation, meaning the district court had the legal authority to revoke Thomas' probation. Moreover, Thomas fails to persuade us why he should have been placed back on probation given his commission of a new crime while on probation and his numerous previous probation violations. Under these facts, we have no trouble concluding a reasonable person could agree with the district court's decision to revoke Thomas' probation and order that he serve his underlying prison sentences.

Affirmed.